**THORNTON et al. v. UNITED STATES.** *

(Circuit Court of Appeals, Fifth Circuit. November 5, 1924.)

No. 4413.

**1. Commerce ⬱35—Federal government held authorized to supervise dipping of cattle in county of one state bounded by other state.**

Under Act May 29, 1884 (Comp. St. §§ 8690–8697), authorizing Commissioner of Agriculture to take measures to prevent spread of disease of cattle from one state into another, the government could supervise dipping of domestic cattle in county of state bounded by other state; such supervision having direct tendency to prevent spread of disease into other state.

**2. Criminal law ⬱304(9)—Federal court takes voluntary notice of state statutes.**

Federal court takes judicial notice of state statutes.

**3. Animals ⬱29—Regulations and methods of Commissioner of Agriculture in suppression of diseases of animals held accepted by state.**

Laws Ga. 1910, p. 125 authorizing state veterinarian to assume charge of work of cattle tick eradication in co-operation with Federal authorities, and Laws Ga. 1918, p. 256, providing for dipping of cattle in accordance with recommendations by United States Bureau of Animal Industry, *held* acceptance of regulations and methods of Commissioner of Agriculture of United States under Act Cong. May 29, 1884, § 3 (Comp. St. § 8691).

**4. Conspiracy ⬱45—Contract between state veterinarian and Chief of Bureau of Animal Industry held admissible in prosecution for conspiracy to prevent federal employees from discharging duties.**

In prosecution for conspiracy to use deadly weapons against employees of Bureau of Animal Industry of United States Department of Agriculture, with intent to prevent them from discharging their duties of supervising the dipping of cattle, in order to prevent spread of diseases and to eradicate cattle fever tick, in violation of Criminal Code, § 62 (Comp. St. § 10230), contract between state veterinarian and Chief of Bureau of Animal Industry *held* admissible to show that federal employees were present by authority of the state, and were not merely intruders.

**5. Criminal law ⬱1169(1)—Admission of contract between state veterinarian and Chief of Bureau of Animal Industry of United States harmless, in prosecution for conspiracy to prevent federal employees from discharging duties.**

In prosecution for conspiracy to use deadly weapons against employees of Bureau of Animal Industry of United States Department of Agriculture, with intent to prevent them from discharging their duties of supervising the dipping of cattle, in order to prevent spread of diseases and to eradicate cattle fever tick, in violation of Criminal Code, § 62 (Comp. St. § 10230), admission of contract between state veterinarian and Chief of Bureau of Animal Industry, if error, was harmless.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

Oscar Thornton and others were convicted of a conspiracy to use deadly weapons on employees of Department of Agriculture,

with intent to prevent discharge of their duties of supervising the dipping of cattle, and they bring error. Affirmed.

E. K. Wilcox, of Valdosta, Ga., L. W. Branch, of Quitman, Ga., Harley Langdale, and Omer W. Franklin, both of Valdosta, Ga., John W. Bennett, of Waycross, Ga., and Russell Snow, of Quitman, Ga. (Wilson & Bennett, of Waycross, Ga., on the brief), for plaintiffs in error.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and Chas. L. Redding, Asst. U. S. Atty., of Savannah, Ga.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The plaintiffs in error, hereinafter called defendants, were convicted of a conspiracy to use deadly and dangerous weapons upon employees of the Bureau of Animal Industry of the United States Department of Agriculture, with intent to deter and prevent such employees from discharging their duties of supervising the dipping of cattle, in order to prevent a spread of splenetic fever among cattle, and in order to eradicate from tick-infested cattle what is commonly known as the cattle fever tick, in violation of section 62 of the Criminal Code (Comp. St. § 10230). Several overt acts were charged, but it is unnecessary to enumerate them, as it is not denied that there was sufficient proof of some of them.

[1] It is first insisted that the trial court erred in overruling a demurrer to the indictment. The principal objection to the indictment is that it fails to allege or show that the cattle to be shipped were being, or were intended to be, shipped in interstate commerce. We are of opinion that this objection is untenable. The Commissioner of Agriculture is authorized by the Act of May 29, 1884, 23 Stat. 31 (Comp. St. §§ 8690–8697), to prepare such rules and regulations as he may deem necessary for the suppression of contagious, infectious, and communicable diseases of domestic animals, to make investigations, and to co-operate with state authorities, and by disinfection and quarantine measures to prevent the spread of disease from one state into another. The county of Echols, in which the employees of the Bureau of Animal Industry were alleged to be engaged, is bounded on the south by a county in the state of Florida. The supervision of cattle complained of had a direct tendency to prevent the spread of disease into another state.

*Certiorari granted 45 S. Ct. 354, 69 L. Ed. —.

° 2 F.(2d)—36

This act of supervision was so closely connected with interstate commerce as to authorize the government to supervise the dipping of domestic cattle.

[2, 3] Another objection to the indictment is that it fails to allege an acceptance by the state of Georgia of the regulations and methods of the Commissioner of Agriculture of the United States, which is contemplated by section 3 of the Act of Congress of 1884. Such acceptance appears from statutes of Georgia, which authorize the state veterinarian to assume charge of the work of cattle tick eradication in co-operation with federal authorities (Georgia Laws of 1910, p. 125), and provide that cattle infested with cattle tick shall be dipped in vats properly charged with arsenical solution, in accordance with recommendations by the United States Bureau of Animal Industry (Georgia Laws of 1918, p. 256). It was not necessary that the indictment should plead the Georgia statutes, as it was the duty of the trial court to take judicial notice of them. United Divers Supply Co. v. Commercial Credit Co. (C. C. A.) 289 F. 316. We are of opinion, therefore, that the indictment is sufficient.

[4, 5] A contract between the state veterinarian of Georgia and the Chief of the Bureau of Animal Industry was admitted in evidence over defendant's objection. It merely provided for co-operation in the work of tick eradication. We think it was admissible as showing that the federal employees were present in the county by authority of the state, and were not mere intruders or intermeddlers; but, if inadmissible, the contract could not possibly have operated to the injury of the defendants.

Objections were made to certain charges of the court, but they only raise questions which have already been disposed of, and need not be considered.

The judgment is affirmed.