**CARTER et al. v. UNITED STATES (two cases).***

**Nos. 5572, 5573.**

Circuit Court of Appeals, Fifth Circuit.
Feb. 13, 1930.

Rehearing Denied March 7, 1930.

*Certiorari denied 50 S. Ct. 408, 74 L. Ed. ——.

L. W. Branch and Russell Snow, both of Quitman, Ga., E. K. Wilcox, of Valdosta, Ga., and Reuben R. Arnold, of Atlanta, Ga. (Branch & Snow, of Quitman, Ga., Franklin & Langdale, of Valdosta, Ga., and Lowry Arnold, of Atlanta, Ga., on the brief), for appellants in No. 5572.

L. W. Branch and Russell Snow, both of Quitman, Ga., O. W. Franklin, H. Langdale, and E. K. Wilcox, all of Valdosta, Ga., and Reuben R. Arnold, of Atlanta, Ga. (Branch & Snow, of Quitman, Ga., Franklin & Langdale, of Valdosta, Ga., and Lowry Arnold, of Atlanta, Ga., on the brief), for appellants in No. 5573.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

Appellants were convicted in the first named of these cases for a conspiracy, under 18 USCA § 88, to use deadly and dangerous weapons upon employees of the United States Bureau of Animal Industry, with intent to deter and prevent such employees from discharging their duties of supervising the dipping of cattle in order to prevent the spread of splenetic fever and to eradicate from tick-infested cattle what is commonly known as cattle tick, in violation of the Criminal Code, 18 USCA § 118.

One of the overt acts charged was that appellants unlawfully shot and killed one employee of the Bureau and wounded another. In the other case that overt act was charged as a substantive offense. Although the conspiracy indictment included a number of other defendants, none were placed on trial

with appellants. The two indictments were consolidated as to appellants, over their objection, and they were convicted as charged in each. The conspiracy indictment has heretofore been upheld as against some of the other defendants. Thornton v. United States (C. C. A.) 2 F.(2d) 561; Id., 271 U. S. 414, 46 S. Ct. 585, 70 L. Ed. 1013.

The employees of the Bureau at the time one was killed and the other was wounded were engaged in supervising, and assisting in, the dipping of cattle in Echols county, Ga. The government's evidence, it is conceded, was sufficient to show that the conspiracy charged existed, and also that the killing and wounding of the employees of the Bureau was unjustifiable and was made by appellants with the criminal intent charged in the indictments. The cattle of appellants, according to their testimony, ranged within two or three miles of the Florida line.

It is first urged that the trial court erred in ordering the indictments consolidated for trial. We are of opinion that the acts charged against appellants were so closely connected as to authorize a consolidation of the indictments under 18 USCA § 557. Appellants were placed on trial by themselves, and it therefore can make no difference to them that other defendants were included in the conspiracy indictment. Other assignments of error are based upon the overruling of a demurrer to the indictment which charged the substantive offense, upon the sufficiency of the evidence, and upon charges which the court gave to the jury; but together they raise but the single question whether appellants conspired to commit or committed an offense against the United States. The burden of the argument is that the cattle of appellants which the government's agents required to be dipped were not the subject of interstate commerce, but were domestic cattle over which the United States Bureau of Animal Industry had no jurisdiction or control. It seems to us that the decision of the Supreme Court in the Thornton Case, supra, is sufficient answer. It is true the opinion in that case states that cattle ranged between Georgia and Florida in that region, but that was far from saying that the cattle of every owner must range across the boundary line between the two states in order to give the government jurisdiction to dip them and free them from fever. Cattle which ranged across the line were liable to be infected by cattle which did not. It hardly can be doubted since the decision of the Supreme Court on the subject that in the protection of interstate commerce in cattle the government has power to require domestic cattle to be treated in an effort to eradicate Texas fever.

The judgment in each case is

Affirmed.