**SCHEFANO v. UNITED STATES.**
No. 8080.

Circuit Court of Appeals, Fifth Circuit.
June 23, 1936.

514

Jim Gibson, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Sam Schefano, was convicted on an indictment which, briefly stated, charged in the first count that he, Jack W. Moore, Harry Schefano, Curtis Flemmings, Andy Montgomery, and other persons to the grand jury unknown, on the 1st day of January, 1934, and continuously thereafter until the 1st day of October, 1935, had conspired; to commit acts made offenses and crimes against the United States, by sections 3242 and 3450, Rev.St.(26 U.S. C.A. §§ 1156, 1441), and the Liquor Taxing Act of 1934 (48 Stat. 313); to unlawfully carry on the business of wholesale and retail dealers; to unlawfully remove, deposit, and conceal large quantities of whisky, with intent to defraud the United States of the tax imposed thereon; and to unlawfully transport large quantities of whisky, without the containers having affixed thereto the stamps required by law. Twelve overt acts in furtherance of the conspiracy were charged. The second and third counts respectively charged the said persons with the substantive offenses of unlawfully conducting wholesale and retail liquor businesses. A general sentence of thirteen months imprisonment in a penitentiary, and a fine of $100, was imposed on appellant. The record does not disclose what happened to the others named in the indictment.

There are fifty-four assignments of error. As is usually the case when assignments are so multiplied, many of them are frivolous, tend to confuse the issues, and to create the impression that the appeal is not in good faith. Some of the assignments have been abandoned, but appellant in his brief relies upon twenty-three of them. We do not feel called upon to discuss these assignments except in a general way.

Error is assigned to the overruling of demurrers and a motion to quash the indictment. On this it is contended that the indictment charges a conspiracy on January 1, 1934, to violate the Liquor Taxing Act of 1934 and, as the said statute was not adopted until January 11, 1934, the indictment is void. This overlooks the allegation that the conspiracy was continuing until October 1, 1935. In addition, the indictment sufficiently charges the particular offenses the defendants had conspired to commit. The government was not bound to show the conspiracy began on

January 1, 1934. It was sufficient to prove its existence when the law was in effect. Nor was it necessary to allege the particular laws the defendants had conspired to violate. The defendant was not prejudiced by the allegation that the conspiracy began on January 1, 1934. That allegation may be considered as surplusage. The indictment was not bad for duplicity in charging a conspiracy to commit two or more offenses of the same general character. It was not error to overrule the demurrers and the motion to quash. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Ford v. United States, 273 U. S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Davidson v. United States (C.C.A.) 63 F. (2d) 90.

■ In various ways appellant moved for the general affirmative charge. Error is assigned to its denial. There is evidence in the record tending to show that the defendant Moore was operating an illicit distillery at Century, Fla., and had in his possession large quantities of non tax paid liquor and unstamped bottles and other containers, during the period alleged in the indictment; that on one occasion in the first week of December, 1934, appellant went in his own car with one Lomax, who worked for him, but not indicted, to Century and there procured 141 one gallon cans of whisky, to which no stamps were affixed, from Moore and transported them in his car back to Birmingham, Ala.; that appellant's brother, Harry Schefano, named in the indictment, was arrested in Birmingham on July 9, 1934, by agents of the Alcohol Tax Unit while he was delivering a quart of unstamped whisky and had on his person cards bearing appellant's name and telephone number and a price list of assorted whiskies and gins; that Harry Schefano made a statement at that time that the whisky had been given to him by appellant's wife; that he was delivering it; and that his brother had been in the whisky business for several months; that in December, 1934, Moore and his wife made a trip in an automobile from their home to Montgomery, Alabama, with a load of unstamped liquor. There was other evidence tending to show that the conspiracy was active, at least between appellant and Moore. It is unnecessary to further review the evidence. It is sufficient to say that it tends to prove the existence of a conspiracy between appellant and Moore, at least, to commit the offenses charged in the indictment, during the time alleged, and to prove several of the overt acts. Since Harry Schefano was charged as a coconspirator, his statement above referred to, made while the conspiracy was active, was admissible against appellant.

■ It was not necessary to prove that all the defendants in the indictment had conspired together. It would be sufficient to support the verdict if it were proven to the satisfaction of the jury that appellant and one other defendant did so. It was also sufficient to prove that one overt act was committed in furtherance of the conspiracy. We consider there was enough evidence to take the case to the jury on the first count. A defendant is not entitled to a directed verdict of acquittal unless there is no substantial evidence to support a conviction. It was not error to refuse the general affirmative charge.

■ Error is assigned to the refusal of the court to give certain special charges requested. The court fully and fairly charged the jury. In fact the charge was more favorable to the defendant than he had the right to demand. No exception was taken to the general charge. Defendant requested some fifty special charges. In addition to the general charge, the court gave eighteen of these. Considering that the general charge had fully covered the case, all of the special charges requested might well have been refused. It was not error to decline to give the other special charges requested.

■ Error is assigned to certain remarks of the United States Attorney. In the course of his argument to the jury he said:

"The defendant, in this case, Sam Schefano, is one of the biggest law violators and tax evaders we have in this county and you should convict him. You should not convict the little fellow and let the big man go free."

It does not appear from the bill of exceptions that appellant objected to these remarks or in any way called the court's attention to them and did not reserve an exception. Had objection been made, the District Attorney would have had an opportunity to withdraw them and the court could have taken steps to counteract their effect. There is nothing in the record upon which this assignment of error could be predicated. Conceding that the remarks

were improper and might well have been omitted, considering the evidence before the jury, they could hardly be considered so prejudicial as to warrant our noticing them as plain error appearing on the record.

Since the conviction on the first count is sufficient to support the sentence, it is unnecessary to consider the second and third counts. Other assignments require no discussion.

The record presents no reversible error.

Affirmed.