## BENNETT v. UNITED STATES.

### No. 8340.

Circuit Court of Appeals, Fifth Circuit.
April 1, 1937.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Lloyd C. Hooks, Asst. U. S. Atty., of Miami, Fla., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

There is no bill of exceptions to show what occurred on the trial. No error appears on the face of the record. The indictment, which is in seven counts, though what precedes the second count is not specifically designated as "first count," is based on the statute punishing the use of the mails to effect a scheme to defraud. 18 U.S.C.A. § 338. The verdict found guilt on the second, third, fourth, fifth, and sixth counts. There is an implied acquittal on the first and seventh counts. The first count alleged a use of the mails in Illinois only, so that no prosecution in Florida could succeed for that use of the mails. The fraudulent scheme was set forth in detail in the first count only. Each of the other counts expressly referred to the description of it in the first count, and alleged uses of the mails in Florida. The want of jurisdiction in the court in Florida to try the accused for the use of the mail in Illinois did not affect its jurisdiction to try the uses of the mails in Florida although to effect the same scheme of fraud. While the first count was thus on its face bad, the references to it for the details of the scheme which were made in the other counts were sufficient. Blitz v. United States, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725; Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097; Barnard v. United States (C.C.A.) 16 F.(2d) 451. The counts found by the jury to be true allege offenses against the United States which the court had jurisdiction to try. The judgment on them is affirmed.