## PACE v. UNITED STATES.[*]
### No. 8561.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1938.

David Tant, of Oklahoma City, Okl., for appellant.

Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

[*]Rehearing denied March 18, 1938.

HOLMES, Circuit Judge.

This appeal is from a conviction and sentence on all of thirty-one counts of an indictment charging appellant and two others with violations of various provisions of the Securities Act of 1933, title 1, § 17, 48 Stat. 84, 15 U.S.C.A. § 77q, in the sale of the stock of the Atlas Holding Company, a Nevada corporation having no assets.

■ Tested in the language of the statute, the various counts sufficiently charge the offenses denounced, and the transactions were described with sufficient particularity to enable appellant to prepare his defense. Therefore it was not error to overrule appellant's demurrer and motion to quash.

■ Some of the assignments relate to alleged improper conduct on the part of the United States attorney in charge of the prosecution of the case. In every instance complained of, the court adequately charged the jury to disregard it, and correctly instructed them as to what was proper for their consideration. If the matters complained of were improper, the record adequately shows that appellant was not prejudiced thereby.

■ Appellant assigns error to the failure of the court to instruct the jury that the evidence was insufficient to sustain a conviction as to any of the counts, and particularly as to counts covering transactions in which appellant did not deal directly with the persons defrauded. The evidence shows that appellant and W. L., R. H., and C. H. Bridges devised and operated a scheme to defraud holders of stock in building and loan associations by exchanging with them the shares of the Atlas Holding Company. Acting in concert, these parties, obtained the names of numerous parties who were not versed in the business of securities and investments, and who had deposited their earnings, or purchased stock, in building and loan associations which had been embarrassed by the depression and had either suspended payment of dividends, curtailed dividends, or were in liquidation. These small investors were approached by one or more of the defendants, and representations were made to them that the affairs of the association were being grossly mismanaged; that there was a deficiency of assets; and that the association's stock was otherwise a bad investment. The Atlas stock was represented to be a safe and sound investment yielding high earnings. It was usually represented that the particular association under discussion owned certain property which the defendants, or Atlas, wished to acquire, and that the association's stock would be worth par to them in the purchase of the property. The victim being persuaded, the transfer was effected by the defendants, acting in concert and co-operating to the end that the victim parted with whatever remained of his earnings for a stock that was worthless.

Appellant was shown actively to have participated in a sufficient number of the offenses charged in the indictment to support the sentence imposed upon him. Thus, if appellant should be correct in his contention, the error would be harmless. Young v. U. S., 6 Cir., 249 F. 935, certiorari denied 247 U.S. 514, 38 S.Ct. 580, 62 L.Ed. 1244; Orth v. U.S., 4 Cir., 252 F. 569; Sidebotham v. U. S., 9 Cir., 253 F. 417. However, appellant's contention is without merit, because it appears that, as to any offense charged in which he did not actively participate, he either aided, abetted, counseled, commanded, induced, or procured its commission, and is guilty thereof as a principal. 18 U.S.C.A. § 550.

■ Such of the assignments as are not covered by the principles mentioned above relate to matters which seem inconsequential, and certainly did not deprive appellant of any substantial right. Prior to the act of February 26, 1919, 40 Stat. 1181, 28 U.S.C.A. § 391, any error in the trial of a criminal case was presumptively prejudicial, and the burden was upon the government to show that no harm resulted. The statute reversed the rule and placed upon appellant the burden of showing not only that error was committed, but also that the error resulted in the denial to him of a substantial right. Rich v. U. S., 8 Cir., 271 F. 566; Hall v. U. S., 8 Cir., 277 F. 19; Simpson v. U. S., 9 Cir., 289 F. 188, certiorari denied 263 U.S. 707, 44 S.Ct. 35, 68 L.Ed. 517; Armstrong v. U. S., 9 Cir., 16 F.2d 62, certiorari denied 273 U.S. 766, 47 S.Ct. 571, 71 L.Ed. 881; Shuman v. U. S., 5 Cir., 16 F.2d 457.

For the reasons stated, the judgment of the District Court is affirmed.