**CHADWICK et al. v. UNITED STATES.**

No. 9639.

Circuit Court of Appeals, Fifth Circuit,

Feb. 18, 1941.

Rehearing Denied March 20, 1941.

Howard Dailey, of Dallas, Tex., and Maxwell Shapiro, of New York City, for appellants.

Clyde O. Eastus, U. S. Atty., and William P. Fonville, Asst. U. S. Atty., both of Fort Worth, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

An indictment containing 42 counts was returned against 29 persons including the appellants, Phil Chadwick, Mrs. Phil Chadwick, Abe Chapman, and Charles Schiffman. The first 41 counts of the indictment charged each of the named defendants with substantive violations of the Harrison Anti-Narcotic Act, 26 U.S.C.A.Int.Rev.Code §§ 2553, 2554, and the Drugs Import and Export Act, 21 U.S.C.A. § 174. Count 42 charged all defendants with conspiracy to violate the provisions of the above-mentioned acts, including the violations charged in the first 41 counts. The forty-second count contained allegations of 92 overt acts done in furtherance of the conspiracy. Twenty-two of the 29 persons named in the indictment were brought to trial. Four defendants entered pleas of guilty, two were acquitted on instructions from the court, all others, including the appellants, were found guilty on count 42, and the appellants and five others were found guilty on certain substantive counts of the indictment. Phil Chadwick was found guilty on counts 7 to 42 and was sentenced generally to serve 12 years in the penitentiary. Mrs. Phil Chadwick was found guilty on counts 7 to 42; she received a two-year sentence on count 42 and a five-year general suspended sentence on the other counts.

Charles Schiffman and Abe Chapman were found guilty on counts 1, 2, 3, 4, 5, 6, and 42. Chapman was sentenced to serve eight years generally on the first six counts with a two-year suspended sentence on the forty-second count. Schiffman was sentenced generally to serve ten years in the penitentiary. Longer sentences might lawfully have been imposed upon each of the appellants.

Ten days were consumed in the trial of this case and the evidence fills over one thousand pages of the voluminous record. No good purpose can be served by setting out and reviewing the evidence at great length. It is sufficient to say that the evidence shows defendants here appealing, and each and every one of them, conspired to and did violate the provisions of the Harrison Anti-Narcotic Act and the Drugs Import and Export Act. The appellants were members and actors in a large narcotic smuggling, processing, distributing, and selling ring which had its headquarters in New York City and Chicago. From these focal points the branches of its huge organization extended throughout the middle-west, southwest, and southern sections of the United States, and, if credence be given to books and records produced at the trial, throughout the nation and beyond its borders. This narcotic ring or syndicate almost exclusively dealt in heroin, a derivative of opium. The drug was smuggled into the country in its pure form and was then processed, manufactured, or "cut" to increase its quantity by adulteration and admixture with chemicals. The heroin thus compounded was placed in the hands of connected wholesalers who received the product on a consignment or credit basis. These wholesale dealers passed the drug on to other persons who might be classed as branch managers, and through them the product was delivered to traveling representatives who disposed of the drug to others in various towns and cities throughout the country. The drug was finally sold to addicts.

The evidence further shows that the conspiracy had its inception, in part, in Leavenworth, Kansas, in the latter part of 1937. It was there that instructions were given to various conspirators to contact the head of the narcotic ring in New York. One of the conspirators, Chapman, later delivered to Dewey Ross and Glenn Cox the half of a $1 bill and told them that if anything happened to him to go to New York

and call a certain telephone number and make connection with his associates, produce their portion of the dollar bill for identification purposes, and that they would be allowed to purchase narcotics. The torn dollar bill came to be used and many ounces of compounded heroin was obtained in this way. As the arm of the law reached out and made certain localities untenable for the conspiring lawbreakers they moved their headquarters from place to place to where they were unknown and where officers had not trailed them. One such new place was Fort Worth, Texas, where Mr. and Mrs. Phil Chadwick and Abe Chapman located and disposed of hundreds of dollars worth of the heroin compound. Other conspirators attached to and with the narcotic ring made special trips from time to time, by air and otherwise, to central headquarters in New York and Chicago to purchase and bring back to Texas, and the middlewest hundreds of ounces of the drug. The "higher ups" or ringleaders of the syndicate, one of whom was Schiffman, were able through Phil Chadwick and another to bribe B. H. Schaffer, an agent of the Bureau of Narcotics of the Treasury Department. Many members of the organization contributed to the "protection" or bribe fund and from this pool Schaffer was paid bribes averaging $350 per month for a year. Schaffer, who was stationed at Dallas, Texas, agreed to and did give the defendants inside information from the Narcotic Bureau of the plans and movements of its officers and the defendants were thereby enabled to keep one step ahead of the law.

None of the appellants testified at the trial and the record is replete with uncontradicted evidence which establishes that each of them had a part in the conspiracy, and that they were guilty on the substantive counts of which they stand convicted.

There is no merit in the contention that the court erred in refusing to grant a bill of particulars. The indictment fully sets out the charges against the appellants and the record does not show that they were the victims of surprise at the trial. Moreover, the granting of a bill of particulars rests within the sound discretion of the trial court and in the absence of a showing of abuse of discretion its ruling will not be disturbed on appeal. No such abuse is shown in this case. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Ginsberg v. United States, 5 Cir., 96 F.2d 433; Hart v. United States, 5 Cir., 112 F.2d 128.

There was no misjoinder of parties or offenses in the indictment and no misjoinder was subsequently shown at the trial. Each of the defendants were charged with conspiracy and violations of the Harrison Anti-Narcotic Act and the Drugs Import and Export Act. The charges were properly joined in one indictment in separate counts. Perez v. United States, 9 Cir., 10 F.2d 352; Ginsberg v. United States, 5 Cir., 96 F.2d 433; Carter v. United States, 5 Cir., 38 F.2d 227; 18 U.S.C.A. § 557. There is no merit in the contention that there was a fatal variance and that the proof showed, instead of one large general conspiracy, several smaller conspiracies. The evidence supports the verdict and no fatal variance is shown. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Beland v. United States, 5 Cir., 100 F.2d 289; Schefano v. United States, 5 Cir., 84 F.2d 513.

It is alleged that the verdict of the jury is vague, indefinite, and unintelligible, and that the court, therefore, erred in refusing to sustain a motion in arrest of judgment. The verdict was silent on counts 7 to 41 as to Schiffman, and on counts 7 to 11 as to Chapman. Silence was equivalent to a verdict of not guilty on these counts. Dealy v. United States, 152 U.S. 539, 14 S.Ct. 680, 38 L.Ed. 545; Jolly v. United States, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085; Bennett v. United States, 5 Cir., 89 F.2d 52. As to Mr. and Mrs. Phil Chadwick the verdict was "guilty in counts 7 to 42", and the court correctly construed this verdict to include a finding of guilt on the forty-second count. Verdicts should always be given a reasonable construction. 23 C.J.S., Criminal Law, § 1409, p. 1107.

The court charged the jury that the fact that these defendants did not testify could not be considered as a circumstance against them. It is charged that the court committed error by giving this charge. The instruction was in accordance with the statute, 28 U.S.C.A. § 632, and was altogether favorable to the appellants. Furthermore, it has been held recently that failure to give such an instruction upon request constitutes reversible error. It is certain, therefore, that it was not error for the court to give the instruction of its own

motion. Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257; Kreuzer v. United States, 8 Cir., 254 F. 34; Hanish v. United States, 7 Cir., 227 F. 584.

The appellants complain of certain remarks made by the prosecuting attorney in the trial of the case and in his argument to the jury. On objection of the defendants the court promptly instructed the jury to disregard the remarks, and in his oral charge made further reference to the remarks of counsel made in the heat of trial and instructed the jury not to consider them, and to confine its deliberation to the evidence in the case and the charge as given by the court. In view of these instructions we are of opinion that the statements of the prosecuting attorney did not constitute reversible error. Spivey v. United States, 5 Cir., 109 F.2d 181; Pace v. United States, 5 Cir., 94 F.2d 591; Cf. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Weathers v. United States, 5 Cir., 117 F.2d 585, decided February 11, 1941.

Many of the 39 assignments of error fail to comply with the rules and a number of them are not urged in the brief. This is a case involving many defendants and many of those convicted did not appeal. We have, therefore, overlooked the failure to comply with the rules and have diligently searched the record and considered each and every ruling of the trial court both as to the law and the evidence. We find no error prejudicial to the substantial rights of the appellants and the judgment as to each of them is affirmed.