## ADAMSTON v. UNITED STATES.
### No. 12685.

United States Court of Appeals.
Fifth Circuit.
Oct. 28, 1949.

John I. Kelley, Atlanta, Ga., George T. Manley, Atlanta, Ga., for appellant.

Allen E. Lockerman, Spl. Asst. to U. S. Attorney, Atlanta, Ga., J. Ellis Mundy, U. S. Attorney, Atlanta, Ga., Lamar N. Smith, Asst. U. S. Attorney, Atlanta, Ga., for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

PER CURIAM.

Charged by indictment with conspiring with others named and unnamed to violate Title III, Sec. 2(a) (2) of the Second War Powers Act, 50 U.S.C.A.Appendix, § 633, Gasoline Ration Order No. 5-C, as amended, and General Ration Order No. 8, as amended, appellant is here insisting that the evidence was not sufficient to convict him and that his motion for judgment of acquittal made both before and after verdict should have been granted. His brief, however, having little to say about the motion before verdict, is devoted to his argument that the jury having acquitted the defendant Cleveland, through whom alone defendant was supposed to have been implicated in the conspiracy charged, defendant's motion for judgment after verdict ought to have been granted. He admits that if he had been charged with the substantive offense, the evidence would have supported the verdict. He insists, however, that not having been so charged and having been brought into the conspiracy only through Cleveland, when Cleveland was acquitted, it was the same as though only Cleveland and he had been indicted for conspiracy. Tinsley v. United States, 8 Cir., 43 F.2d 890, 892.

We cannot agree with appellant's contention that the evidence established not one general conspiracy but two separate conspiracies. We think it amply supports the finding of the jury that there was one general conspiracy in which all of the persons convicted were engaged. This being so, the fact that the jury acquitted one member of the conspiracy would have no effect at all on their verdict against the others. United States v. Austin-Bagley Corp., 2 Cir., 31 F.2d 229. Cf. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161.

No error appearing, the judgment is Affirmed.