**TANNER et al. v. UNITED STATES.**

No. 13532.

United States Court of Appeals Fifth Circuit.

Nov. 13, 1951.

J. F. Kemp, Atlanta, Ga., Forrest C. Oates, Jr., Cedartown, Ga., for appellants.

J. Ellis Mundy, U. S. Atty., Lamar N. Smith Assts. to U. S. Atty., and H. A. Stephens, Jr., all of Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellants were tried, convicted, and sentenced, upon an indictment charging that they, and others named who were not convicted, had conspired to violate specified provisions of the Internal Revenue Laws with reference to distilled spirits. 26 U.S.C.A. § 2800 et seq.

Upon this appeal it is urged that the judgments of conviction should be set aside because, (1) of the insufficiency of the evidence, and (2) that at most the evidence tended to prove only a series of conspiracies, or offenses, having no "general connection" and did not prove the general conspiracy charged. Upon consideration of the record we find the evidence sufficient to support the verdict. It was not legally required that the evidence show that each defendant actively participated in each illegal transaction when the evidence was sufficient to authorize the jury's finding that the convicted defendants were in agreement to violate the Internal Revenue Laws as charged. Under the facts, it was for the jury to determine the weight to be accorded the pertinent circumstances in proof.[1] The Government was not required to prove that each defendant had knowledge of each detail of each illegal transaction or that each defendant participated therein.[2] We do not

1. Whaley v. United States, 5 Cir., 141 F.2d 1010, certiorari denied 323 U.S. 742, 65 S.Ct. 46, 89 L.Ed. 595.

2. Blumenthal v. United States, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154.

sustain[3] the appellants' contention that the evidence, "at best, tended to show a series of disconnected conspiracies in that there was proof of crimes committed by one or more of the defendants wholly apart and without relation to each other. There was no common thread of evidence which furnished an overall tie-in of the various defendants with each other in the commission of the acts charged."

The judgments of the trial Court are Affirmed.

3. Baker v. United States, 5 Cir., 156 F.2d 386; Chadwick v. United States, 5 Cir., 117 F.2d 902; Adamston v. United States, 5 Cir., 177 F.2d 370.