UNITED STATES
v.
SCOBLICK et al.

Nos. 12375, 12376.

United States District Court
Middle D. Pennsylvania.

Jan. 6, 1954.

Floyd J. Mattice, Sp. Asst. to Atty. Gen., Stephen A. Teller, Asst. U. S. Atty., Wilkes Barre, for plaintiff.

Joseph P. Brennan, James E. O'Brien, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is a motion of the defendants under Rule 14 of the Federal Rules of Criminal Procedure, 18 U.S.C.

Defendants are charged in Indictment No. 12375 with misapplication of bank funds, making false entries in books of the bank, and conspiracy to commit the

184

same offenses, and in Indictment No. 12376, the defendants are charged with the use of the mails in a scheme to defraud. The defendants now request the Court to order the Government either to elect to proceed on the misapplication and false entries counts or on the conspiracy count alone, or, if such election is not made, to order a separate trial on the conspiracy count divorced from the misapplication and false entries counts in Indictment No. 12375 and divorced from Indictment No. 12376.

Rule 14 of the Federal Rules of Criminal Procedure contains the following provisions:

> "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

There are numerous cases which hold that an indictment for conspiracy to commit a substantive offense, and an indictment charging the substantive offense, were properly consolidated for trial. Carter v. United States of America, 5 Cir., 38 F.2d 227, certiorari denied 281 U.S. 753, 50 S.Ct. 408, 74 L.Ed. 1164; Johnson v. United States of America, 6 Cir., 82 F.2d 500. The defendants are here seeking separate trials on counts in the same indictment. If an indictment charging conspiracy is properly consolidated with an indictment charging the substantive crime, then a fortiori where these offenses are charged in separate counts of the same indictment, they should be consolidated for trial in the absence of circumstances prejudicial to the defendants.

Furthermore, joinder of offenses is proper where the crimes are based on acts or transactions connected together or constituting parts of a common scheme or plan.

The important consideration here is whether the defendants are prejudiced by the joinder. It does not appear to the Court that the defendants will be prejudiced if a trial is permitted to proceed against them on all counts of these indictments, nor do the defendants satisfactorily indicate a single particular which might result in their prejudice. On the other hand, it is quite possible that defendants might be seriously prejudiced to their great injury if the conspiracy count is not tried together with the other counts of these indictments.

The case of Krulewitch v. United States of America, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790, in which Justice Jackson wrote a concurring opinion, is in no way controlling here. The statement by Justice Jackson with reference to an indictment for a conspiracy in lieu of prosecuting for the substantive offense, itself, or in addition thereto, is mere dictum.

The defendants' motion will be denied and an appropriate order will be made