David Clifton STEPHENS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21526.

United States Court of Appeals Fifth Circuit.

July 8, 1965.

Rehearing Denied Aug. 13, 1965.

Thomas G. Sharpe, Brownsville, Percy Foreman, Houston, Tex., for appellant.

Woodrow Seals, U. S. Atty., William A. Jackson, Fred L. Hartman, James R. Gough, Asst. U. S. Attys., Houston, Tex., and Robert M. Talcott, Atty. Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and KILKENNY,* District Judge.

HUTCHESON, Circuit Judge:

Appellant was the County Office Manager in Brazoria County, Texas, of the Agricultural Stabilization and Conservation Service (ASC), established under the Agricultural Adjustment Act of 1938, as amended. He was tried before a jury and convicted on four counts, one of accepting a bribe in violation of 18 U.S.C. § 202, and three of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Appellant was sentenced to 3 years and fined $7,500 on the bribery count and sentenced to 5 years jointly on the three conspiracy counts, consecutive to the bribery sentence, and fined $10,000 jointly on the conspiracy counts. This is an appeal from that judgment.

The bribery count upon which Appellant was convicted charges, in substance, that he, acting in his official capacity as ASC County Office Manager, accepted $3,740 in return for transferring and allocating a rice acreage allotment to the payer in violation of the federal acreage allotment statutes and regulations.

The conspiracy counts upon which Appellant was convicted are as follows: Count 22 charges a conspiracy involving Appellant, Laurence Gene Newman and Pearl Davis Bellard, which operated only in Brazoria County. Appellant was found to have dealt in wholly fictitious rice allotments, presenting Newman and Bellard as farmers who held allotments, although they did not, and allowing others the use of their fictitious "acreage allotments" for a given sum of money. Appellant, in his capacity as ASC County Office Manager simply allowed rice acreage to be planted in excess of the true allotment for the county through the use of these fictitious "allotments", in exchange for cash. This count charges him with defrauding the United States of his services as County Office Manager.

Count 23 charges a similar scheme except that it involved purported "transfers" of allotments from farmers in Brazoria County to farmers in Jackson County. Newman again posed as a farmer holding an allotment. Norman E. Scaff, the ASC County Office Manager for Jackson County, together with Appellant represented to Jackson County farmers that allotments were available for transfer from Brazoria County. The purported "transfers" would be effected through false papers, sometimes with forged signatures of actual Brazoria County farmers, in return for a cash payment. This count charges Appellant with defrauding the United States of his services and those of Scaff.

Count 24 charges an unlawful agreement between Appellant, Carl Edward Lively, ASC County Office Manager for Matagorda County, and one Killough. While Killough's allotment was being farmed in Brazoria County for the period in question, Appellant and Lively allowed a purported "transfer" of it to Mata-

gorda County upon payment of cash. This count charges Appellant with defrauding the United States of his services and those of Lively.

Appellant Stephens is the sole defendant in the case, Scaff and Lively both having died. He asserts some 15 errors on this appeal.

The main thrust of Appellant's argument is that the indictment is insufficient and the jury charge erroneous because they do not detail the duties of Appellant as ASC County Office Manager and specifically describe how he violated those duties. The fallacy in this position, as the Government points out, is that he is not charged with a violation of the rice acreage allotment statutes or regulations, but with receiving a bribe and conspiring to defraud the United States. As to the elements of the offenses charged under the bribery statute, 18 U.S.C. § 202, and the conspiracy statute, 18 U.S.C. § 371, the indictment and jury charge are clearly correct, specific, and sufficiently detailed.

On the bribery count the indictment specifies what Appel'ant received, when he received it, and from whom he received it. It describes his official capacity and the matter which was pending before him in his official capacity, and it states that he received the bribe to influence his decision or action in that matter. The offense was complete when the Appellant received the money with the specified intent. No actual infraction of the Agricultural Adjustment Act or the regulations is required. United States v. Piazza, 148 F.2d 334 (2nd Cir. 1945); Whitney v. United States, 99 F.2d 327 (10th Cir. 1938).

In regard to the conspiracies, the indictment specified the nature of the charged fraud on the United States, and that the object was in one case to allow the growth of excess rice and in the other two to transfer rice acreage allotments unlawfully from one county to another, all in violation of Appellant's duty to see that transfers and allocations were made only in compliance with the ASC laws and regulations. It specified that the motive was the obtaining of money. The Appellant and the jury were sufficiently apprised of the nature of the charges on all counts.

Appellant urges that the district court erred in failing to grant discovery of certain rules and regulations of the Department of Agriculture, which are admittedly published in the Code of Federal Regulations. He complains of failure of the Government to produce Jencks Act statements, 18 U.S.C. § 3500, although the district court found as a fact, after a hearing on this specific question, that the Government had produced all of the statements the witness in question made. Appellant asserts as error the failure to grant his motion for production and inspection of documents volunteered by third persons to the Government without showing authority for such production.

Appellant alleges that if there was a conspiracy, there was only one, rather than three and that, therefore, the three conspiracy counts constitute an improper multiplication of counts. We find no merit in this contention. Each count involves a separate transaction, although similar in nature. The Appellant was the key figure in each, but each count details different overt acts and involves at least one different co-conspirator. It is difficult to see how he could be prejudiced even if there had been a multiplication since he was the key figure in each of the conspiracies and the sentence, which was within the statutory limit for a single count of conspiracy, runs concurrently on all three counts. Assuming the facts showed a single conspiracy, an assumption which is unwarranted here, such a variance is not necessarily fatal. The question would be raised as to whether it had substantially injured the defendant. In this case we find no such injury. See Grissette v. United States, 313 F.2d 187 (5th Cir. 1963).

Although Appellant asserts numerous errors in the district court's charge to the jury, we find that it clearly

and correctly stated the applicable law and hold that no reversible error was shown in this respect. Appellant's assertion that the district court's failure to give a written charge constituted reversible error is without merit. Although it clearly would have been proper to use a written charge, whether or not to do so rests within the sound discretion of the district court. Copeland v. United States, 80 U.S.App.D.C. 308, 152 F.2d 769 (1945).

We are of the firm conviction that no reversible error is shown and that Appellant was accorded a full and fair trial. Accordingly, the judgment must be, and is hereby

Affirmed.