Pearl Davis **BELLARD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22113.

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1966.

Rehearing Denied March 3, 1966.

Sam Lee, Angleton, Tex., Thomas G. Sharpe, Jr., Hardy, Galindo & Sharpe, Brownsville, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., William A. Jackson, Fred L. Hartman, Asst. U. S. Attys., Houston, Tex., Robert M. Talcott, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before JONES and BROWN, Circuit Judges, and DYER, District Judge.

WARREN L. JONES, Circuit Judge:

The appellant was convicted of conspiracy to deprive the United States of the services of David C. Stephens and Norman E. Scaff in violation of 18 U.S.C.A. § 371. Stephens was the Office Manager of the County Agricultural Stabilization and Conservation Committee of Brazorio County, Texas, and Scaff held a like position in Jackson County, Texas. These committees were responsible for the administration of the rice allotment program in the respective counties. The Government's contention was that the appellant Bellard was a participant with Stephens, Scaff, Laurence Gene Newman, and others in the fraudulent transfers of fictitious rice allotments. Scaff died; Newman was indicted, entered a plea of guilty and was placed on probation; and Stephens was indicted, tried and convicted and his conviction was affirmed. Stephens v. United States, 5th Cir. 1965, 347 F.2d 722, cert. den. 382 U.S. 932, 86 S.Ct. 324, 15 L.Ed.2d 343. A jury found Bellard guilty; he was sentenced and has appealed.

On his appeal, Bellard has urged that the indictment was insufficient to charge an offense, that the fact averments of the indictment do not show a violation of 18 U.S.C.A. § 371, and that the trial court erred in not giving a written charge as requested. These questions were raised and decided, adversely to appellant's contentions, in the *Stephens* case and the principles there announced are controlling on these issues. Other assignments of error, not disposed of in the *Stephens* opinion, are made by Bellard.

█ We are asked to hold that the evidence is insufficient to support the verdict. The appellant complains that there was no testimony that appellant sold or offered to sell any rice allotment, and that the Government has relied upon "guilt by association" to procure a conviction and seeks to invoke such theory to sustain the district court's judgment. There is ample evidence to show Bellard's close association with Stephens, a proven conspirator, and with Newman, an admitted conspirator. There is also sufficient evidence to demonstrate Bellard's participation with his associates in their criminal activities. There is proof that Bellard was present on a number of occasions when money was received for fictitious allotments. Some of these funds came into Bellard's hands from the persons who were buying the allotments and was turned over to Stephens by Bellard. Bellard received payments of substantial sums from Stephens which had been received in the fraudulent transactions. These, and other circumstances which we need not recite, fully warranted the inference which was drawn by the jury that Bellard knew what was going on and was a knowing participant in the wrongdoing. It would be difficult to see how a different inference could have been drawn. The evidence was enough, and more than enough, to support the verdict.

█ The appellant insists that there must be a reversal because the trial court did not give a charge on venue, even though no such charge was requested. There is no merit in the claim. Proof of venue may be by circumstantial as well as by direct evidence. Weaver v. United States, 5th Cir. 1962, 298 F.2d 496. A prosecution for conspiracy may be had in any district where an overt act was performed or where the agreement was made. Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114; 22 C.J.S. Criminal Law § 182(3), p. 453 et seq. There was no substantial question as to the propriety of the venue as laid in the indictment. It may well be doubted whether a ques-when not asserted in the district court.

tion of venue can be raised on appeal The question is not one which should be noticed under the plain error rule. In any event there was no fact question as to venue and no instruction was required.

The court instructed the jury that the defendant did not elect to testify and that this created no presumption against him as he was justified under the fifth amendment and under the laws of the United States in remaining silent. The appellant asserts that the reference to the fifth amendment rendered the charge erroneous. It is not error for a trial court, of its own volition, to charge the jury in accordance with 18 U.S.C.A. § 3481 that a defendant's failure to testify can not be considered as a circumstance against him. Chadwick v. United States, 5th Cir. 1941, 117 F.2d 902, cert. den. 313 U.S. 585, 61 S.Ct. 1109, 85 L.Ed. 1541. It would have been just as well, perhaps better, for the reference to the fifth amendment to have been omitted but no prejudice resulted because of its inclusion.

During the selection of the jury, counsel for Bellard requested the court to ask the jurors on voir dire examination whether they had served on a Federal grand jury or had previous service on a petit jury in Federal or State court. The court declined to put the questions, believing them to be irrelevant. It is here urged that the court's refusal was error. The trial court has a broad discretion as to the questions to be asked on voir dire and no abuse of that discretion is shown here.

Several questions are raised by Bellard with respect to the admission of evidence and as to some of the giving or refusing of instructions by the court. There was no error in the admission of evidence. The court's charge was a fair and correct statement of the applicable law.

No reversible error is shown. The trial was fair and the verdict and judgment of guilt were fully warranted. The judgment is

Affirmed.