MARTIN, Circuit Judge,
dissenting:
It is well-settled that the government bears the burden of proving venue in every criminal case. United, States v. Snipes, 611 F.3d 855, 865 (11th Cir.2010). Here, Dennis Caroni, Gerard DiLeo, and Joseph Pastorek were indicted and tried in the Northern District of Florida even though they never traveled to that district. Consistent with our long-standing precedent, the government alleged that venue was proper because the defendants briefly extended their drug and money laundering conspiracies to the Northern District .of Florida by hiring coconspirators to open Global Pensacola, a pain management clinic in Pensacola, Florida. See United States v. Schlei, 122 F.3d 944, 975 (11th Cir.1997) (a conspiracy may be prosecuted in any district in which an “overt act was committed in furtherance of its objects”). ..
The precise issue that Messrs. Caroni, DiLeo, and Pastorek raise is -not that this is a legally insufficient allegation, or even that the government failed to offer evidence in support of it. . Instead, they argue that because venue is a question of fact, they were entitled to have the jury make a specific finding that either they or one of their co-conspirators committed an overt act in the Northern-District of Florida. • I agree with Messrs. > Caroni, DiLeo, and Pastorek, as well as the majority, that *483 the District Court erred by refusing to provide a jury instruction on venue and prohibiting defense counsel from arguing that the government had failed to prove venue.
I part ways with the majority with respect to its holding that the District Court’s error was harmless. I write separately to explain why the District Court’s failure to instruct on venue and restriction of defense counsel’s closing arguments constitute reversible error.
I.'
A defendant in a criminal case has the right to be tried in the district in which the crime was committed. For conspiracy offenses that span more than one district, venue is proper in any district in which the conspiracy was formed or in which a co-conspirator committed an act in furtherance of the conspiracy. Schlei, 122 F.3d at 975.
Questions of venue are not merely “pedantic, justice-defeating technicalities],” but issues of constitutional magnitude. Green v. United States, 309 F.2d 852, 856 (5th Cir.1962).[1] As the Supreme Court explained in United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944), venue “touch[es] closely the fair administration of criminal justice and public confidence in it” by protecting defendants from prosecution in unfavorable or remote locations. Id. at 276, 278, 65 S.Ct. at 250, 252. Indeed, the importance of this right is evident from the fact that it is guaranteed by two separate constitutional provisions and a federal statute. See U.S. Const, art. III, § 2, cl. 3 (“The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed ..-..”); id. amend. VI (requiring trial “by an impartial jury of the State and district wherein the crime shall have been committed”); Fed.R.Crim.P. 18 (“Unless a statute or these rules permit otherwise, the government múst prosecute an offense in a district where the offense was committéd.”). '
Because it is grounded in our constitution, we havé characterized venue as an “essential element of the government’s proof at trial,” Snipes, 611 F.3d at 865, and continuously reaffirmed that the government bears the burden of proving venue 'in every criminal prosecution, see, e.g., United States v. Stickle, 454 F.3d 1265, 1272 (11th Cir.2006); United States v. Breitweiser, 357 F.3d 1249, 1253 (11th Cir.2004); United States v. White, 611 F.2d 531, 534 (5th Cir.1980). And we have also explained that it is especially important for courts to safeguard a defendant’s venue right in conspiracy prosecutions because a jury need not find that the government proved every act alleged in the indictment in order to convict. Thus, “[t]he dangers of abuse are manifold if the Government can obtain an indictment for conspiracy in a district other than'the district where the offense was actually committed merely by alleging that one act, which need never be proved," was committed in that district.” Green, 309 F.2d at 856.
However,- although venue is a question of fact — did the crime take place in the district of prosecution? — our precedent makes clear that a district court is not always required to present this question to the jury. . Compare Bellard v. United States, 356 F.2d 437, 439 (5th Cir.1966), with Snipes, 611 F.3d at 866; see also United States v. Perez, 280 F.3d 318, 330 (3d Cir.2002) (stating that “venue does not *484 automatically present a question for the jury”). This. Court last addressed the specific question raised by the appellants — in what circumstances a district court errs by failing to instruct the jury on venue — in White, 611 F.2d 531. In that case, Charles White was convicted in the Middle District of Florida for a number of offenses arising from the theft and forgery of a Social Security check. Id, at 533-34. Mr. White argued that the district court erred by failing, to give a jury instruction on venue because the government had offered no direct evidence that his crimes had been committed in the Middle District. Id. at 535-36.. ” .
We held that- the district court’s failure to provide a venue instruction did not constitute plain error[2] for the following rea.sons:
.First, Count Two-of the indictment charged that White forged the check in the Middle District of Florida. The indictment appears to have, been read to the jury only once, before the jury was sworn, but the trial judge sent a copy of the indictment into the jury room for consideration by the jury during its deliberations. Second, in instructing the jury on the essential elements of forgery, the trial court stated that the government must prove beyond a reasonable doubt “the act of forging the payee’s endorsement on the United States Treasury check..as charged.” Third, White’s counsel argued the territorial, jurisdiction and venue question in his closing argument. Finally, there was sufficient evidence for a jury. to conclude that the forgery occurred in the Middle District of Florida.
Id. at 537.
White’s reasoning is instructive: no separate venue instruction was required because the jury’s guilty verdict necessarily included a finding of proper venue. In other words, because the indictment alleged offense conduct only in the Middle District of Florida, the jury could not have found the defendant guilty unless it specifically found that the defendant committed an act -within that jurisdiction. See id. Several other circuits have articulated similar rules. See, e.g., United States v. Miller, 111 F.3d 747, 751 (10th Cir.1997) (We therefore adopt the rule that failure to instruct on venue, when requested, is reversible error unless it is beyond a reasonable doubt that the jury’s guilty verdict on the charged offense necessarily incorporates a finding óf proper venue.”); United States v. Martinez, 901 F.2d 374, 376 (4th Cir.1990) (“Venue is an issue in this case because the jury was able to convict the defendant of the offenses charged without an implicit finding that the acts used to establish venue had been proven.”); United States v. Moeckly, 769 F.2d 453, 461 (8th Cir.1985) (“The issue here is whether venue was proven where there was no finding by the jury that at least one overt act or the conspiratorial agreement occurred in Minnesota.... Some finding by the jury on this issue should have been required.”).
' Applying this standard, the District Court erred. The indictment in this case alleged a conspiracy in both the Northern District of Florida and the Eastern District of Louisiana, and the jury’s guilty verdict did not necessarily incorporate a finding that the defendants committed any act — criminal or otherwiser-in the Northern District of Florida. Thus, the District Court should have provided a jury instruc *485 tion. on venue and permitted defense counsel to argue that..the government had failed to prove venue. The majority does not dispute this conclusion.
The majority and I part ways, however, in our application of the harmless error standard. Under Chapman v, California, 386 U.S, 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), Messrs. Caroni, DiLeo, and Pastorek are entitled to reversal unless the government “prove[s] beyond a reasonable doubt, that the error complained of did not contribute to the verdict obtained.”[3] Id, at 24, 87 S.Ct. at 828. Under these circumstances, where the jury has made no finding on a required element of an offense, our inquiry focuses on “whether the record contains evidence that-could rationally-lead to a contrary finding with respect to the omitted element.” Neder v. United States, 527 U.S. 1, 19, 119 S.Ct. 1827, 1839, 144 L.Ed.2d 35 (1999). Said differently, the government bears the burden of proving, beyond a reasonable doubt, that a rational jury could not have concluded that venue was improper. I believe the government has failed to carry this burden.
The majority makes much of the “substantial and uncontrovertéd” evidence regarding Global Pensacola. However, while it was not disputed that Mr. Caroni founded Global Pensacola, the ¿relevant question here is whether its establishment was an overt act in furtherance of the conspiracy between Messrs.- Caroni, DiLeo, and Pas-torek such.that it could establish venue in the Northern District of Florida. The evidence on this question was more limited. Global Pensacola operated for only two weeks during what was otherwise a four-year conspiracy-, and Mr. Caroni was the only one of the three defendants who had a role in founding the clinic. Indeed, the government presented no evidence whatsoever linking Mr. Pastorek to Global Pensacola.[4] Finally, as -a result of the short amount of time that Global Pensacola operated, the government’s evidence about this clinic’s operations was necessarily quite limited. For instance, although a critical question in this case was whether patients received prescriptions that were made “outside the usual course of medical practice and for other than legitímate medical purposes,” the jury only heard from one Global Pensacola patient who had visited the clinic a single time and had not been treated by any of the defendants.
*486 For the reasons described in the majority opinion, it is certainly conceivable that the jury — if it had been presented with the question — would have found that venue was proper in the Northern District of Florida. But that is not our inquiry. Because this question was taken away from the jury in violation of the defendants’ constitutional rights, our task on harmless error review is to determine whether there exists “evidence that could rationally lead to a contrary finding.” Neder, 527 U.S. at 19, 119 S.Ct. at 1839. Under these facts, my answer is yes. I respectfully- dissent.

. To the extent that the majority applies some other harmless error standard, it has no basis in our precedent. And although several of our sister circuits have held that a failure to instruct the jury on venue is harmless error if evidence of venue is "substantial and uncontroverted,” uncontroverted in ' this context takes its literal meaning: not contested at trial. See Martinez, 901 F.2d at 377 (holding that evidence of venue was "substantial and uncontroverted” where it had not been contested at trial); see also United States v. Neder, 197 F.3d 1122, 1129 n, 6 (11th Cir.1999) (stating that the fact that' an omitted element "was not contested supports the conclusion that the jury’s verdict would have been the same absent the error.” (emphasis added)). The defendants here contested whether their conspiracy extended to the Northern District of Florida.

. I recognize that a co-conspirator may be held responsible for aspects of a conspiracy in which he had no direct involvement. However, the government’s inability to connect Mr. Pastorek to Global Pensacola is undoubtedly relevant to the question we face here — whether the establishment of Global Pensacola was an overt act in furtherance of a conspiracy involving Mr. Pastorek. See United States v. Chandler, 388 F.3d 796, 811-12 (11th Cir.2004). As this 'Court explained in Green, "[tjhere is grave danger, of injustice where, as in the present case, one defendant was not even alleged to have participated in the one act which occurred in the district where the indictment against him ... was returned.” 309 F.2d at 856.