**Curtis LYONS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15898.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 18, 1960.

Decided Nov. 3, 1960.

Mr. Stanley Robert Jacobs, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Arnold T. Aikens, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before Mr. Justice REED, retired,* and WILBUR K. MILLER, Chief Judge, and DANAHER, Circuit Judge.

PER CURIAM.

After appellant's conviction of two counts of violation of the narcotics laws, he here presents as the sole issue that the trial judge erred when he inadvertently overlooked appellant's request that no reference be made to his failure to testify. The jury was, in part, instructed:

> "In this case, for example, the defendant did not testify. He doesn't have to. He has a right not to testify, and you are not entitled to draw any inference whatever from his failure to do so, because it is up to the Government to prove him guilty; it isn't up to him to prove his innocence."

Appellant does not attack the correctness of the instruction as given, but argues he had, and was denied, an indefeasible right to demand that it not be given. He relies "heavily" upon Bruno v. United States, 1939, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257. There the Supreme Court, for the reasons outlined, held that the trial judge erred in *refusing* to give such an instruction. In the circumstances presented here, we find no basis for a conclusion that the appellant was prejudiced.

Affirmed.

* Sitting by designation pursuant to 28 U.S.C. § 294(a).