**UNITED STATES of America, Appellee,**

v.

**Robert Clark MOON, Appellant.**

**No. 64, Docket 29661.**

United States Court of Appeals Second Circuit.

Argued Sept. 29, 1965.

Decided Oct. 13, 1965.

Stanley R. Raskin, New York City (Anthony F. Marra, The Legal Aid Society, New York City), for appellant.

R. Harcourt Dodds, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York and David M. Dorsen, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FRIENDLY and KAUFMAN, Circuit Judges, and BRYAN, District Judge.[*]

PER CURIAM:

Robert Clark Moon appeals from a conviction, after a non-jury trial, in the District Court for the Southern District of New York, for receiving, concealing and facilitating the transportation and concealment of heroin in violation of 21 U.S.C. §§ 173 and 174. The sole issue is whether a post-arrest search that led to seizure of the heroin violated Moon's Fourth Amendment rights. This turns on whether there was reasonable cause for his arrest.[1]

The Government's evidence, presented through two witnesses who were agents for the Bureau of Narcotics at the time of the arrest, was as follows: Earlier on the day of the arrest a special employee of the Bureau had reported to agents that one Duffy, described as a thin colored man with a goatee and a mustache, wearing a three-quarter length tan coat and a Persian lamb Russian-type hat, was selling narcotics near the Wilthom Hotel, 2027 Seventh Ave., New York City. Five agents went to the vicinity of the hotel. Moon, who conformed to the description in at least some respects, came out, accompanied by one Corlene Hill. He was approached by an unidentified male, to whom he was seen to hand two bundles of glassine envelopes

---

[*] Of the Southern District of New York, sitting by designation.

[1]. Moon first raised his claim in a pre-trial motion to suppress, which Judge Cooper decided against him. We need not determine his contention that the pre-trial hearing was inadequate, since Judge Tenney reheard the claim at the trial.

filled with a white substance. The quintet of agents then approached the trio, and the unknown man fled. The agents identified themselves, arrested Moon, searched him and found 13.15 grams of heroin on his person.

Moon and his wife, Lorraine Watterson, gave a wholly different version. Their testimony was that they had left the hotel, along with Corlene Hill; that, after they had walked a short way, an agent arrested Moon; that, when a search of Moon's person proved fruitless, the agents took him, his wife and Corlene Hill to the hotel where they obtained the key to his room; and that it was there that the narcotics were found. Judge Tenney chose to credit the Government's witnesses rather than the defendant's. We would find no basis for quarreling with his choice even if we had the power.

Moon makes much of the fact that, in contrast to Draper v. United States, 358 U.S. 307, 309, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), there was no testimony as to known reliability of the informer. But the case is also unlike Draper in a sense highly unfavorable to Moon, namely, that the agents did not attempt an arrest as soon as the person described by the informer appeared. See 358 U.S. at 309–310, 79 S.Ct. 329. Here the informer's word was simply the basis for the surveillance that shortly led to the arrest; the arrest was deferred until the agents had witnessed what they had good reason to believe to be a delivery of narcotics. It is true that the agents could not have had actual knowledge of the contents of the envelopes handed by Moon to the unidentified male. But apart from their familiarity with the common use of glassine envelopes as containers for narcotics, the flight of the recipient afforded convincing evidence that the property transferred was contraband. In Judge Learned Hand's phrase, "it has at no time been doubted that flight is a circumstance from which a court or an officer may infer what everyone in daily life inevitably would infer." United States v. Heitner, 149 F.2d 105, 107 (2 Cir.), cert.

denied, Cryne v. United States, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432 (1945).

The Court expresses its gratitude to Stanley R. Raskin, assigned counsel on appeal, for his brief and argument on Moon's behalf.

Affirmed.