**UNITED STATES of America ex rel. Jerry MASON, Petitioner-Appellant,**

**v.**

**Robert E. MURPHY, as Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

**No. 59, Docket 29307.**

United States Court of Appeals Second Circuit.

Argued Sept. 30, 1965.

Decided Oct. 14, 1965.

Leon B. Polsky, New York City (Anthony F. Marra, The Legal Aid Society, New York City, on the brief), for petitioner-appellant.

Lillian Z. Cohen, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Brenda Soloff, Deputy Asst. Atty. Gen., on the brief), for respondent-appellee.

Before FRIENDLY and KAUFMAN, Circuit Judges, and HERLANDS, District Judge.*

* Of the Southern District of New York, sitting by designation.

PER CURIAM.

The petitioner appeals from the dismissal of his petition for a writ of habeas corpus. He contends that he is entitled to an evidentiary hearing in the federal court to determine whether there was probable cause for his arrest. On the resolution of this issue turns the admissibility of various items seized from him during a search immediately following his arrest and introduced into evidence against him at trial.

 Mason was observed by two New York detectives entering more than twenty Brooklyn apartment houses during a period of two and a half hours, remaining in each except one for less than two minutes. When Mason left 215 Chester Street, in which he had tarried for about seven minutes, one of the detectives immediately entered the lobby and found the mailbox of one Negron sprung. The other detective observed Mason a block from the building with an envelope-sized brown paper in his hand. Shortly thereafter, the detectives arrested him. A contemporaneous search of his pockets revealed a brown envelope addressed to Negron at 215 Chester Street, a screwdriver, a piece of bone strip, a wire, and a small flashlight. These items were used as evidence in Mason's trial, which resulted in a conviction for third degree burglary and felonious possession of burglar's tools. Since the transcript of the state trial indicates virtually no dispute over these facts, there is no need for an evidentiary hearing. See Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We therefore have no hesitation in finding that there was probable cause for the arrest.[1] See Draper v. United States, 358 U.S. 307, 310, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States ex rel. Boucher v. Reincke, 341 F.2d 977, 979–980 (2d Cir. 1965). The detectives

had reasonable grounds to believe a felony was being or had been committed in their presence. See United States v. Moon, 351 F.2d 464 (2d Cir. 1965). Similar facts were held to constitute probable cause for arrest in United States v. Zimple, 318 F.2d 676 (7th Cir.), cert. denied, 375 U.S. 868, 84 S.Ct. 128, 11 L.Ed.2d 95 (1963).

Affirmed.

---

[1] Since the Assistant Attorney General advised us on oral argument that she knew of no New York case allowing a conviction to be collaterally attacked on *coram nobis* on facts similar to those presented here, we have found it unnecessary to follow our procedure in United States ex rel. Bagley v. LaVallee, 332 F.2d 890 (2d Cir. 1964), and United States ex rel. Martin v. McMann, 348 F.2d 896 (2d Cir. 1965).