Tommie A. JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19969.

United States Court of Appeals
District of Columbia Circuit.

Argued July 28, 1966.

Decided Sept. 15, 1966.

See also D.C.Cir., 360 F.2d 844.

Mr. William C. Koplovitz, Washington, D. C. (appointed by this court), for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and David N. Ellenhorn, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

PER CURIAM:

Appellant was tried jointly with the appellant in Trimble v. United States, 125 U.S.App.D.C. ——, 369 F.2d 950, for the same robbery. The judgment of conviction in *Trimble* is affirmed this day.

The only contention at present not considered in the appeal of Trimble is that a statement, attributed to this appellant as having been made to Officer Daly and testified to by Officer Newville, was inadmissible under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The disputed statement was that appellant said he saw "the money" fall to the ground, the significance of which is pointed out in *Trimble*. Appellant denied having said this, and contends that the evidence of the prosecution to the contrary fixes the incident at a time when he was deprived of his right to counsel as guaranteed by the Sixth Amendment. Therefore, he continues, the evidence was inadmissible under *Escobedo*. Without expressing an opinion on the merits of this contention we are of opinion that reliance upon *Escobedo* is unavailable to appellant because the testimony of the prosecution to which objection is made was given in rebuttal of testimony which had been elicited explicitly by appellant's own counsel in aid of the defense. Thus, in his cross-examination of Officer Newville, who testified he heard the statement, and also in the direct examination of appellant himself, his counsel probed whether or not he had made a statement after his arrest. Officer Newville testified in response that appellant had done so, but added that no statement had been

signed. Appellant, however, in response to his counsel's question, said that he made no statement to the police, but asked for an attorney. In this manner the defense sought to negative the idea that appellant had made a statement, particularly with respect to having seen any money.[1] The prosecution accordingly was entitled to pursue the matter as it did. Crawford v. United States, 91 U.S. App.D.C. 234, 198 F.2d 976. Our conclusion is fortified by the failure of appellant clearly to raise the *Escobedo* issue at trial.

Affirmed.

McGOWAN, Circuit Judge, did not participate in the decision of this case.

---

1. His counsel asked appellant first whether he saw any money. Appellant answered in the negative. He was then asked whether he had made any statement to the police relative to "this matter" at the precinct, to which he answered that he had not, that he asked for an attorney.