Eddie **TRIMBLE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19942.

United States Court of Appeals
District of Columbia Circuit.

Argued July 21, 1966.

Decided Sept. 15, 1966.

---

Mr. Robert P. Stranahan, Jr., Washington, D. C. (appointed by this court), for appellant Mr. David L. Chambers, III, also entered an appearance for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and David N. Ellenhorn, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

FAHY, Circuit Judge.

Appellant, tried with Tommie A. Johnson, whose appeal in Johnson v. United States, 125 U.S.App.D.C. ——, 369 F.2d 949, is also decided this day, was convicted of robbery in violation of D.C. Code § 22–2901 (1961 ed.).

■ The evidence was conflicting and confusing. Indeed, appellant's characterization of events as in some respect "bizarre" may be accepted as accurate. Nevertheless, we must disagree with appellant's position that his motion for acquittal at the conclusion of the prosecution's case should have been granted. It was not error for the trial court to submit the conflicting evidence to the jury. More than ordinarily, the impression made upon those who saw and heard the witnesses at the trial is important in this case, lending support to the refusal of the trial court to take the case from the jury.

The principal additional contention is that the admission in evidence at the joint trial of a statement said to have been made by Johnson shortly after his arrest was prejudicial error. The statement was testified to by Officer Newville, who said he heard Johnson make the statement to Officer Daly. Its importance grows out of the factual issue whether the complaining witness, allegedly robbed of some $215.00, actually had this money. None was found, notwithstanding appellants were arrested just after the alleged robbery and in its vicinity. There was evidence of a scuffle during which the robbery was committed, and Officer Newville testified that he heard Johnson say to Officer Daly that he had seen the money fall to the ground.

■ The objection is that the statement was the fruit of Johnson's arrest, which is claimed to have been unlawful because without probable cause. In answer the government contends that Trimble has no standing to complain that Johnson's arrest was illegal, and, also, that the objection to the evidence at trial was not on this ground. These answers we lay aside, for we are satisfied from our review of the record that the arrest of Johnson was lawful. His arrest occurred during his pursuit by the complaining witness, who shouted to an officer in the vicinity that the two men he was pursuing, who turned out to be Trimble and Johnson, had robbed him. This officer enlisted the help of another. This other, advised of the alleged robbery, covered an exit from an alley into which the two men had run. Johnson tried to gain the exit and was prevented from doing so by this officer who arrested him. The factual situation thus disclosed gave probable cause to the arresting officer to believe a felony had been committed and that the two men being pursued had committed it.

■ Appellant took the stand in his own defense. On cross-examination by the prosecution it was adduced that he had been convicted of burglary in 1954 and of petit larceny in 1964. It is urged that this was reversible error, notwithstanding the court carefully instructed the jury that the evidence of prior convictions had no bearing on the immediate question of the guilt or innocence of Trimble and Johnson of the charges on trial, but was "solely for the purpose of assisting the jury in determining whether or not to believe the witness." Moreover, the trial court limited the evidence

of prior criminal record to the two convictions referred to, carefully exercising a discretion in conformity with this court's decision in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763. Appellant's position, however, is that D.C. Code § 14–305 (Supp. V, 1966), upon which the prosecution relies for admissibility of the evidence, is unconstitutional. The Code provision reads in pertinent part,

> A person is not incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime. The fact of conviction may be given in evidence to affect his credibility as a witness, either upon the cross-examination of the witness or by evidence aliunde  *  *  *.

The construction of this provision in *Luck,* that it "leaves room for the operation of a sound judicial discretion to play upon the circumstances as they unfold in a particular case," goes to some extent at least to soften appellant's constitutional attack on the above provision as a violation of due process of law. In any event objection to the evidence, limited as we have said in the exercise of the court's discretion, was made in very general terms with no suggestion of a constitutional basis. In this situation, having in mind also that the admissibility of such impeaching evidence, as permitted by statute, has long been accepted in this and other jurisdictions as a historical development from the old common law, which would not allow a person convicted of certain crimes to give evidence, see Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406; Clawans v. District of Columbia, 61 App. D.C. 298, 62 F.2d 383, we decline in our discretion to consider the constitutionality of the Code provision, now questioned for the first time on appeal. See On Lee v. United States, 343 U.S. 747, 749–750, n. 3, 72 S.Ct. 967, 96 L.Ed. 1270; United States v. Indiviglio, 352 F.2d 276 (2d Cir. *en banc*), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663.

 Portions of the closing argument of the prosecution were objectionable, but were sufficiently offset by the court's warning to the jury respecting the same matter. Though not approved, the objectionable argument accordingly is not ground for reversal.

Affirmed.

McGOWAN, Circuit Judge, did not participate in the decision of this case.