**UNITED STATES**

v.

**Vance Van ALLEN.**

**Crim. No. 668–67.**

United States District Court
District of Columbia.
Jan. 2, 1968.

Scott R. Schoenfeld, Asst. U. S. Atty., Washington, D. C., for the United States.

Patrick Thomas Moran, Silver Spring, Md., for defendant.

## MEMORANDUM OPINION

GASCH, District Judge.

This matter came on for trial by the Court, defendant having waived trial by jury in open Court after consultation with counsel. Upon consideration of the evidence submitted, the Court finds that on or about March 29, 1967, defendant and another forced the complaining witness, Harry Jetter, into his automobile, a new 1967 Dodge Dart, took his keys and each drove the automobile on various streets of the District of Columbia without the owner's permission.

During the course of the drive, which lasted several hours, the complaining witness was forced to lie on the back seat. The defense to the UUV charge that the owner of the car accompanied defendant on the drive is of no validity under these circumstances. The complaining witness was struck several times and his gold wristwatch taken by defendant. Finally, the automobile was driven into Richardson Court, near 4th and Florida Avenue, N. W., where it was followed by a Police scout car. The other man quickly jumped out and disappeared. The defendant got out followed by the complaining witness, who called to the Police: "Get him, he robbed me." Defendant stopped while the complaining witness told what had happened. Thereupon he was searched by the officer and the gold wristwatch found.

The defense contends that the seizure of the watch preceded the arrest and therefore was unlawful. Even if the seizure preceded the full revelation of the facts to the officer, as the defense contends, an arrest at the point of the shout of Jetter to get him, he robbed me, would have been a valid arrest. See Trimble v. United States, 125 U.S.App. D.C. 173, 369 F.2d 950 (1966). The seizure of the watch under these circumstances was proper.

The precise point at which an arrest occurs depends on the surrounding circumstances. Bailey v. United States, 389 F.2d 305, D.C.Cir., decided December 14, 1967; Fuller v. United States, D.C.Cir., No. 19,532, decided November 27, 1967; Hicks v. United States, 382 F.2d 158 (D.C.Cir.1967); Kennedy v. United States, 122 U.S.App.D.C. 291, 353 F.2d 462 (1965); Seals v. United States, 117 U.S.App.D.C. 79, 325 F.2d 1006 (1963).

In the circumstances of this case, the testimony of the officer that defendant was not free to leave while the complaining witness was telling his story is of critical importance. Arrest having been consummated, the search and seizure pursuant thereto was lawful. The watch, Government's exhibit 1, is received in evidence and defendant is found guilty of Count 1, unauthorized use of a vehicle, and Count 2, robbery.