**Barney LOCKLEAR, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24570.**

United States Court of Appeals
Fifth Circuit.

April 8, 1968.

J. B. McGee, Jr., Waycross, Ga., for appellant.

Richard C. Chadwick, Bruce B. Greene, Asst. U. S. Attys., Savannah, Ga., Donald H. Fraser, U. S. Atty., for appellee.

Before BROWN, Chief Judge, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant was convicted on a jury verdict of guilty for violation of the Internal Revenue Code relative to illegal distilled spirits (26 U.S.C. §§ 5205(a) (2) and 5604(a) (1)). He assigns as error his contention that the trial judge directed the jury's attention to his failure to take the stand as a witness by stating at one point in his general instructions, "You will also determine the guilt or innocence of this defendant by his attitude on the witness stand." However, appellant did not take the witness stand and the comment of the district judge was an apparent inadvertence.

Appellant's counsel excepted to the charge because of the court's statement to the jury, whereupon the court responded, "Well, I think maybe that should come off. Tell the jury to come back in." To this defense counsel replied, "If the court does that, I will make a motion for a mistrial because the charge about him being on the witness stand is ground for a mistrial." The judge then said, "Well, I am not going to bring them back then. I want the record to show that I was willing to bring them back, be sure to get that, I so desired; but the defendant objected to my so stating it, although he says that the record did show that I said that, but still you don't want me to do it. Just let the record show that."

■ Defense counsel nevertheless moved for a mistrial because of the court's inadvertence, and the motion was denied.[1] We perceive no error in the court's ruling. The inadvertent remark in the charge that the jury should determine defendant's guilt or innocence by his attitude on the witness stand was not of sufficient moment to justify a claim of prejudicial error. This is especially true where, under the circumstances here, the trial judge started to call the jury back but upon objection by defense counsel to his doing so, allowed the instruction to stand as given.

■■ It would be reversible error for a judge or prosecutor to comment on a defendant's failure to testify. Griffin v. State of California, 380 U.S. 609, 85 S. Ct. 1229, 14 L.Ed.2d 106 (1965). However, on a related matter, it is well settled that an instruction by a trial judge, of his own volition, to a jury that a defendant's failure to testify cannot be considered as a circumstance against him is not error. Bellard v. United States, 5 Cir., 1966, 356 F.2d 437, 439, cert. denied, 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83 (1966); Chadwick v. United States, 5 Cir., 1941, 117 F.2d 902, cert. denied, 313 U.S. 585, 61 S.Ct. 1109, 85 L.Ed. 1541 (1941); Lyons v. United States, D.C. Cir., 1960, 109 U.S.App.D.C. 103, 284 F.2d 237, cert. denied, 365 U.S. 821, 81 S.Ct. 705, 5 L.Ed.2d 699 (1961); United States v. Kelly, 2 Cir., 1965, 349 F.2d 720, cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966).[2]

■ When defense counsel objected to the trial judge correcting the obviously inadvertent mistake in the instructions to the jury, he waived appellant's right to complain about an error which we consider not too significant and certainly not so prejudicial as to require reversal.

Affirmed.

1. The following colloquy between defense counsel and the court followed:
   "THE COURT: Be sure to put that in that the jury was out of the witness box when I made that statement, that the statement was made in response to request made by the attorney for the defense who said that he wanted me to charge them that, and when I said I would then he said that would not be legal testimony. So I think that covers it.
   "MR. McGEE: You misunderstood the motion that I am making now. I move for a mistrial based on the charge actually made, the erroneous charge that you actually made, because that calls the jury's attention to the fact that he was not on the witness stand."

2. See also Mathes and Devitt, Federal Jury Practice and Instructions, § 9.11, for a recommended stock form of general instruction in a criminal case on this subject. The form reads as follows:
   "The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify."