**UNITED STATES ex rel. Dossie WALLS, Relator-Appellant,**

v.

**Vincent R. MANCUSI, Warden, Attica State Prison, Respondent-Appellee.**

**No. 67, Docket 32170.**

United States Court of Appeals Second Circuit.

Argued Sept. 17, 1968.

Decided Jan. 24, 1969.

---

William T. Lifland, New York City, for relator-appellant.

Joel Lewittes, Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., of New York, for respondent-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

WATERMAN, Circuit Judge:

On March 16, 1961, after a jury trial, relator and his codefendant Woodrow Greene were convicted in the Kings

County Court, New York, of robbery in the first degree, assault in the second degree, and grand larceny in the second degree. Subsequently, on April 27, 1961, the state trial judge adjudged relator to be a second felony offender and sentenced him to a term of fifteen to thirty years imprisonment. An appeal was taken by relator and his codefendant to the Appellate Division of the New York Supreme Court, Second Department, where the convictions were unanimously affirmed without opinion. People v. Greene and Walls, 24 A.D.2d 934, 264 N.Y.S.2d 1017 (2d Dept. 1965).

Thereafter, having exhausted his available remedies in the state courts, 28 U.S.C. § 2254, relator applied to the United States District Court for the Western District of New York, Henderson, J., for a writ of habeas corpus to procure his release from Attica State Prison. 28 U.S.C. § 2241. He claimed in his application that his federally protected constitutional rights had been violated during his state court trial in that (a) four single one dollar bills and a small roll of bills totaling $100 which were seized in the course of an illegal search of his person were introduced into evidence against him; (b) inasmuch as he exercised his right not to take the stand in his own defense, that right was prejudicially violated when the trial judge stated in open court in the presence of the jury that "Perhaps the defendant will explain" how the seized evidence came to be in his possession; (c) he was denied due process when the trial judge examined a pre-trial statement of the complaining witness and stated there was no inconsistency between that statement and the witness's trial testimony when the statement in fact contained some inconsistencies. After examining these claims the district court entered orders that it had jurisdiction and would entertain the application, and that the relator need not be produced in court in person but that the full state records before the trial and appellate courts and the pre-trial statement of the complaining witness

should be produced. Thereafter, a memorandum opinion was filed and an order entered denying the application. However, a certificate of probable cause for appeal was granted, and on the motion of the relator we have permitted him to proceed *in forma pauperis* and have assigned him counsel on appeal.

In addition to the claims presented to the district court which we have already mentioned, the relator asserts one new claim in this court. He now claims that the district court's failure to appoint counsel to represent him below in the habeas corpus proceeding was prejudicially improper.

We affirm the denial of the relator's application by the district court.

As to relator's first claim we hold that the search and seizure which occurred in this case was properly incident to a lawful arrest.

The law has long been that officers have the right to search without a search warrant the person of one lawfully arrested and evidence so obtained is admissible against him at his trial. E. g., Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925). The justification for allowing this type of search has been the necessity to thwart destruction of evidence, to uncover and seize weapons or other instruments or tools which might be used to assault the arresting officer or to effect an escape, and to uncover devices designed to destroy evidence of the crime. Preston v. United States, 376 U.S. 364, 367, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964). Such a search is not proscribed when the officer has probable cause to arrest the person, the search is substantially contemporaneous with the arrest, the search is confined to the immediate vicinity of the arrest, and the search is reasonably limited in scope to the purposes for which it is allowed. E.g., Sibron v. New York (Peters v. New York), 392 U.S. 40, 66–67, 88 S.Ct. 1889, 1904–1905, 1912, 20 L.Ed.2d 917 (1968); James v. Louisiana, 382 U.S. 36, 37, 86 S.Ct. 151, 15 L. Ed.2d 30 (1965); Preston v. United

States, supra 376 U.S. at 367–368, 84 S. Ct. 881; Stoner v. United States, 376 U.S. 482, 486–488, 84 S.Ct. 889, 11 L. Ed.2d 856 (1964). See, generally, J. Israel, Recent Developments in the Law of Search and Seizure, in Criminal Law and the Constitution 101, 163–179 (Institute of Continuing Legal Ed. 1968).

■ Here Officer Johnson had "probable cause" to arrest relator and his codefendant. See Brinegar v. United States, 338 U.S. 160, 174–177, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The record is clear that on August 12, 1960, Ralph LaFord, a truck driver, while seated in his van truck, was robbed at knifepoint by two men. The robbery occurred near the corner of Decatur Street and Lewis Avenue in Brooklyn, N. Y., at approximately 10:30 a. m. Immediately after being robbed LaFord drove his van down the block toward Decatur Street where he spotted a police car and Patrolman Cannon. LaFord informed the officer that he had been held up and gave a description of the hold-up men. Cannon summoned his partner, Patrolman Easely, put LaFord in the patrol car, and pursued the two men who were still in sight running up Lewis Avenue. The pursued two men made a left-hand turn onto McDonough Street, and when Cannon arrived at McDonough Street he saw another police car parked about fifty feet from the corner on that street.

Patrolman Johnson, who was on other police business, was parked in this second car. Patrolman Cannon spoke to Johnson briefly, and undoubtedly Johnson was informed of the occurrence of the robbery. Johnson, prior to the meeting with Cannon, had observed two men whom he later identified as relator and his codefendant running down McDonough Street. The two men then turned into a school yard.

Following the brief conversation between the officers, Cannon, his partner, and LaFord ran the length of the school yard after the two fleeing men while Patrolman Johnson drove his car around the block. Near the corner of Decatur Johnson saw relator crouching behind the seat of a parked panel truck, the door of which was open. Believing this man to be one of the two men he had observed running along the nearby street, Officer Johnson ordered him out of the truck at gunpoint. At approximately the same time relator's codefendant stepped out of an adjacent doorway and was also detained by Officer Johnson. Both men were held at bay and searched and the $104 mentioned above was found on relator. As the search was being completed, Officers Cannon and Easely, and LaFord arrived on the scene. LaFord then identified the two men as the ones who had robbed him and taken his money a few moments earlier.

■ Officer Johnson had, at the time relator and his codefendant were detained, sufficient probable cause to believe that a felony had been committed and that the relator and his codefendant were the two men who had committed it. Compare, e.g., Trimble v. United States, 125 U.S.App.D.C. 173, 369 F.2d 950 (1966); United States v. Vida, 6 Cir., 370 F.2d 759, cert. denied, 387 U.S. 910, 87 S.Ct. 1695, 18 L.Ed.2d 630 (1967); United States ex rel. Mason v. Murphy, 351 F.2d 610 (2 Cir. 1965). Relator, however, argues that even though probable cause to arrest may have existed, no arrest in fact was made until after he had been searched and after LaFord had identified him and his codefendant as the two men who had taken his money. Consequently, relator asserts that this search was not a search incident to a lawful arrest because it preceded the arrest and formed part of the justification for the arrest. We do not agree. The lack of formal announcement of arrest presents no constitutional infirmity under these circumstances where Officer Johnson, who was in "hot pursuit" of the two men who had just committed a felony, apprehended relator and his codefendant. See Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 310–313, 87 S.Ct. 1642, 18 L.Ed.2d 782 (Fortas, J., concurring) (1967); compare Sibron v. New York, supra. In the instant case the arrest, for purposes of constitutional

justification, occurred at the moment Officer Johnson ordered relator out of the truck at gunpoint. Sibron v. New York, supra; see Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305, 307–309 (1967); cf. Buick v. United States, 396 F.2d 912, 915 (9 Cir. 1968).

Having validly arrested relator, Officer Johnson was entitled to make the limited, contemporaneous search for weapons and fruits of the crime that he made. Sibron v. New York, supra; Preston v. United States, supra; Agnello v. United States, supra 269 U.S. at 30, 46 S.Ct. 4. Therefore, the one hundred dollars in a small roll and the four one dollar bills taken from relator's pockets by Officer Johnson were admissible at trial since they were obtained in the course of a constitutionally valid search of relator's person.

■ When the prosecution sought to introduce into evidence the money Officer Johnson found in relator's possession, the following colloquy took place between the court and defense counsel:

The Court: * * * This witness says that this is the money he took out of the pocket of the defendant. He does not say that this is the money that the complainant said was in his wallet. This witness' testimony strictly is that it was taken from the pocket of the defendant Walls, the rear pocket of the defendant Walls. He took this money which he now has in court and which consists of a twenty dollar bill, six tens and four fives. That is all he said.

Mr. Blum: That is why I objected to the introduction of it into evidence, because there is evidence of this particular four dollars by this complainant.

The Court: I know that money has no earmarks.

Mr. Blum: That's correct.

The Court: However, I am allowing this money in evidence at this time as money found on the person of the defendant. *Maybe the defendant will explain.* (Emphasis supplied.)

The relator contends that the last remark made by the trial judge violated relator's constitutional rights under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). According to the relator, the practical effect of the remark was to place the burden of proving how he came by the seized money found on him, and to force him either to volunteer an explanation, thereby forcing him to abandon his right to remain silent, or to suffer a substantially increased risk of an adverse verdict.

Although we would strongly disapprove of the state trial judge's unfortunate off-hand statement, we are not convinced that the remark requires the reversal of the district court. No objection or exception was taken to the statement when said, and, considering the time and context of the comment, the fact that codefendant Greene did take the stand and gave an explanation of how relator happened to have the money (an explanation the jury apparently disbelieved), the other evidence presented at the trial, and the trial judge's charge to the jury which instructed them that the relator was not required to take the stand and which satisfactorily advised the jury that the burden of proof never shifted from prosecution to the relator, it is highly unlikely that any substantial rights of relator were affected by the judge's remark. Consequently we hold that the comment was not prejudicial to the substantial rights of relator. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Fed.R.Crim.Proc. 52; cf. Locklear v. United States, 393 F.2d 729 (5 Cir. 1968); Ramer v. United States, 390 F.2d 564, 577 (9 Cir. 1968); United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957, 958–961 (2 Cir.), cert. denied, 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965).

■ Relator contends in this court that he was improperly denied the benefit of counsel by the district court be-

**510**

cause no counsel was assigned to represent him there in the habeas corpus proceeding. This claim is without merit. After examining the record as made, we cannot say that the procedure employed by the district court resulted in less than a fair, adequate, and meaningful consideration of relator's claims. See United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 714–716 (2 Cir. 1960); United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2 Cir. 1964).

The other contentions advanced by relator do not merit discussion.

Judgment affirmed.