**David M. ROBINSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 6975, 6976.**

District of Columbia Court of Appeals.

Argued Dec. 11, 1973.

Decided July 19, 1974.

Richard J. Heiman, Washington, D. C., appointed by this court, for appellant.

Nicholas Gilman, Asst. U. S. Atty., for appellee.

Before REILLY, Chief Judge, and YEAGLEY, Associate Judge, and HOOD, Chief Judge Retired.

REILLY, Chief Judge:

These consolidated appeals are from convictions (rendered in separate trials) for bail jumping and petit larceny in violation of D.C.Code 1973, §§ 23–1327(a) and 22–2202, respectively.

In the early morning hours of January 12, 1972, two police officers responded to a radio message to the effect that two men had just stolen a battery from a car parked in front of a designated residence. Upon arriving at the scene, the officers were met by the owner of the car and a neighbor, who had reported the incident. They told the police that they had observed the thieves for several minutes in an area illuminated by high intensity lights and provided the officers with detailed descriptions. They then accompanied the officers in their patrol car to canvass the neighborhood.

About one block away, they came upon two men, appellant and a companion, working with battery cables under the raised hood of a car. The passengers in the police car immediately identified the pair as the men who had taken the battery. As the missing battery was not visible, one of the officers asked appellant if he could look in the trunk, but the latter informed him that he did not have a key. Perceiving that the truck did not have a lock, the officer repeated his request. Appellant consented. The officer opened the trunk with a pocket knife and discovered a battery which the complainants stated was the stolen one. Appellant and his companion were then placed under arrest.

Later that morning, appellant was arraigned on the charge of petit larceny where he was notified of his duty to appear at all subsequently scheduled court proceedings and advised of the penalties for failure to appear. He was then released on personal recognizance. The trial date was set for February 4, 1972 but was continued three times—to March 15, to April 20, and finally to May 18.

Appellant appeared in court the first three trial dates, reporting first to the District of Columbia Bail Agency to ascertain in which courtroom his case would be

tried. He failed to appear on May 18, 1972, however, and a bench warrant was issued. The warrant was not executed until September 30, 1972, when appellant was arrested on an unrelated charge.

At trial, appellant testified that he had gone to the offices of the Bail Agency on May 18, 1972, but departed when an agency employee informed him that his case had been continued again and that he would be notified of the new trial date later. This testimony was put in issue by a Bail Agency representative, called as a witness by the trial court sua sponte. He testified that the agency records did not show that appellant reported to that office on that date.

■ Appellant argues that the trial court's reliance upon D.C.Code 1973, § 23–1327(b), to establish the element of "willfulness", necessary to a conviction of bail jumping under D.C.Code 1973, § 23–1327(a), violated his Fifth Amendment rights to due process and privilege against self-incrimination. The challenged subsection of the Code reads as follows:

> Any failure to appear after notice of the appearance date shall be prima facie evidence that such failure to appear is willful. Whether the person was warned when released of the penalties for failure to appear shall be a factor in determining whether such failure to appear was willful, but the giving of such warning shall not be a prerequisite to conviction under this section.

In our view the recent Supreme Court decision in Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), compels us to reject this contention. In *Barnes* the Court upheld against identical constitutional challenges a common-law presumption analogous to the one created by the quoted subsection, *viz.*, that the possession of recently stolen property,

if not satisfactorily explained, permits the inference that the person in possession knew that the property was stolen. Moreover, appellant did not raise these issues in the trial court, and as we cannot say that ". . . the statute is so clearly unconstitutional that it should have been ruled upon by the trial court despite the failure of appellant to raise the point below . . .", we decline to exercise our discretion to notice asserted errors raised for the first time on appeal. Williams v. United States, D.C.App., 237 A.2d 539, 540 (1968). *See also* Adams v. United States, D.C.App., 302 A.2d 232 (1973); Foster v. United States, D.C.App., 290 A.2d 176 (1972); Hill v. United States, D.C.App., 280 A.2d 925 (1971); Bunter v. United States, D.C.App., 245 A.2d 839 (1968); Trimble v. United States, 125 U.S.App.D. C. 173, 369 F.2d 950 (1966).

■ Appellant also appeals from his conviction of petit larceny, assigning as error the trial court's denial of his pretrial motion to suppress evidence, *viz.*, the stolen battery. He challenges the warrantless search of the trunk of the car and denies any consent to the search. It is clear that, prior to the search, the officers had probable cause both to arrest appellant and his companion and to search the car for the stolen battery. The officers were not required to obtain a search warrant to do so. It is settled that when persons answering to a description of recent participants in a theft are apprehended in a car by pursuing officers, such officers may immediately search the car to uncover the fruits of the crime. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1969).

As we find the action of the arresting officers proper, the issue of whether appellant voluntarily consented to the search is immaterial.

Affirmed.