Michael M. RAYMOND, Appellant,

v.

UNITED STATES, Appellee.

Nos. 12538, 13150.

District of Columbia Court of Appeals.

Argued Oct. 16, 1978.

Decided Jan. 9, 1979.

Robert M. Cohan, Washington, D. C., appointed by the court, for appellant.

Paula J. Page, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U.

S. Atty., John A. Terry, Michael W. Farrell and Richard H. Saltsman, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and FERREN, Associate Judges.

KELLY, Associate Judge:

Appellant Michael Raymond appeals from a conviction by the trial court of willful failure to appear in court as required while on pretrial release, D.C.Code 1973, § 23–1327(a). He argues here that the District of Columbia Bail Reform Act [hereinafter referred to as the Act] is unconstitutional, that the evidence adduced at trial was insufficient to support his conviction, and that the trial judge erred in denying his post-trial motion for a new trial. We affirm.

On February 14, 1977, appellant failed to appear at a status hearing on a charge of armed robbery. Excluding his original appearance, appellant had appeared four times in this case,[1] his third encounter with the criminal justice system. As in his previous criminal cases, for each required appearance appellant received notification of his duty to appear from two sources. At the conclusion of each hearing, appellant was informed by the court of when he was required to next appear. Each time he signed and received a continuance slip, which served as written notice. Before he was to appear, if there was time, appellant received a written reminder of his duty to appear from the D. C. Bail Agency [hereinafter referred to as the Agency]. That reminder stated the time and date of the next required appearance.[2] This process remained consistent until the February 14, 1977 status hearing.

At the conclusion of the November 29, 1976 hearing, appellant was told to report for another status hearing on February 14, 1977. He was informed of the penalty for failure to appear and, as usual, he was

given a continuance slip. The slip differed from those that he had received before, however, in that it carried two dates. It noted, "Your trial is set promptly for 9:00 (A.M.) . . . on SH. 2–14–77, 3–2–77." The next Agency reminder alerted appellant to the March 2, 1977 trial, but contained no reference to the February 14, 1977 status hearing.

Throughout the proceedings, appellant remained in the jurisdiction, living with his mother. He made no attempt to flee the jurisdiction or otherwise avoid any court appearance. He was arrested under the authority of a bench warrant issued shortly after his failure to appear on February 14, 1977.

I

Appellant argues first that the Act violates the due process clause of the Fifth Amendment by allowing the trier of fact to presume, from a showing that he had notice of his duty to appear and did not appear, that the failure to appear was willful. The elements of the crime of willful failure to appear are: (1) release pending trial or sentencing; (2) requirement to appear; (3) failure to appear; (4) that failure being willful. D.C.Code 1973, § 23–1327(b), the pertinent part of the questioned statute, states:

Any failure to appear after notice of the appearance date shall be prima facie evidence that such failure to appear is willful. Whether the person was warned when released of the penalties for failure to appear shall be a factor in determining whether such failure to appear was willful, but the giving of such warning shall not be a prerequisite to conviction under this section.

■ At the outset, it should be noted that although the wording of D.C.Code 1973, § 23–1327(b) may be read to imply that the inference of willfulness is manda-

---

1. His previous appearances were: 9/2/76 (initial appearance); 11/22/76 (arraignment); 11/23/76 (arraignment continued); 11/29/76 (status hearing).

2. Appellant had been released on his own recognizance on August 24, 1976.

tory, it appears that in practice, the trier of fact has merely been permitted and not required to infer willfulness. *See* Criminal Jury Instructions for the District of Columbia, No. 4.91 (3d ed.1978).[3] We conclude that this instruction, incorporating a permissive inference, properly construes the statute.

Appellant's argument is that willfulness is by statute an essential element of the crime of "bail jumping"; consequently, the government must bear the burden of proof on that element since a defendant cannot be required to bear the burden of persuasion on an essential element of a crime. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In *Robinson v. United States*, D.C.App., 322 A.2d 271, 273 (1974), we rejected this argument, relying on *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), to say that this disputed provision was constitutional. We do not now retreat from our position announced there.

Appellant contends that Supreme Court pronouncements since *Barnes*, specifically *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), becloud our opinion in *Robinson*.[4] The cumulative effect of these cases, according to appellant, is to invalidate statutes which place on the defendant the burden of proving the absence of an essential fact or element of a crime. He urges that they shed new light on *Rob-*

*inson* and *Barnes* in that they announce, in this area, a new "reasonable doubt" test; that is, that a criminal presumption can be upheld only if the presumed fact (here willfulness) can be found beyond a reasonable doubt from the proven fact (here a failure to appear). Even if this analysis of the cases were correct—an analysis we do not evaluate—it is not here controlling.

■ In the present case, the Act does not shift the burden to defendant to disprove the presumed existence of an element of a crime. It merely creates, for the trier of fact, a permissible inference of willfulness based on a showing of notice and failure to appear—an inference which the trier may, but need not, accept. More particularly, because the inference is permissive, the trier of fact could totally reject the inference. *See* C. McCormick, Evidence § 346, at 831–33 (2d ed.1972). It is true that the burden of production of, or going forward with, rebuttal evidence rests with the defendant since, as is the case in any trial, failure to rebut a prima facie case could result in an adverse decision. But this is not to say that the burden of persuasion of an element of the crime has been shifted to the defendant, as in *Mullaney, supra*. It is to say only that the trier can find the government proved the element beyond a reasonable doubt, absent a countervailing explanation by the defendant.

In summary, unlike the statute in *Mullaney* and similar cases, *e. g., Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d

---

**3.** That instruction states in pertinent part:

   If you find beyond a reasonable doubt that the defendant had received notice of the date on which he was to appear before a court or judicial officer and that he failed to appear on that date, then you *may* infer that his failure to appear was willful. *You may not infer that he willfully failed to appear however, if, after considering all of the evidence, you find that his failure to appear was not willful.* [Emphasis added.]

**4.** Specifically, in *Patterson v. New York, supra,* the Court upheld against constitutional attack a New York statute requiring the defendant in a murder case to prove an affirmative defense of extreme emotional distress. The Court distinguished that holding from its earlier ruling in *Mullaney v. Wilbur, supra,* the case on which

appellant principally relies. In *Mullaney*, the Court held that a Maine rule requiring defendants to prove provocation or heat of passion in order to reduce the crime of murder to that of manslaughter was unconstitutional. The distinction between the two cases is founded in that which the particular defendant was required to prove. In Maine, malice aforethought or premeditation was by statute an element of the crime of murder. Proof of provocation or heat of passion would negate that element. In New York, the element of malice aforethought need not be shown, and thus a showing of extreme emotional distress serves a purpose different from a showing of provocation. The former goes to mental capacity of the actor and is thus classified as an affirmative defense.

57 (1969), no presumption, conclusive or rebuttable, is at issue. The Act merely allows the government to prove defendant's state of mind by establishing circumstances from which the trier of fact may, but is not required to, reasonably infer that requisite state of mind. When one knows, or should have known, that one is required to appear at a certain place at a particular time and date, and one does not appear, it is reasonable to conclude that the failure to appear is knowing and willful. If there exist special circumstances that explain the failure to appear, the individual relying on those special circumstances must bear the burden of showing them. We recognize that the government cannot require a defendant to prove his innocent state of mind. *Mullaney, supra* 421 U.S. at 702, 95 S.Ct. 1881. If the government proves, however, that factual circumstances imply that a defendant's actions were willful, it rationally and constitutionally meets its burden to prove a prima facie case.

## II

▮ Appellant maintains second that there was produced at trial insufficient evidence to convict him. We will reverse a criminal conviction on that basis only if, after viewing the evidence in the light most favorable to the government, it can be said that the decision is clearly erroneous. *Franey v. United States*, D.C.App., 382 A.2d 1019 (1978); *Womack v. United States*, D.C. App., 350 A.2d 381 (1976); *United States v. Lumpkin*, 145 U.S.App.D.C. 162, 448 F.2d 1085 (1971); *Crawford v. United States*, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967). Only if "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt," can we reverse for insufficiency of the evidence. *United States v. Lumpkin, supra*, 145 U.S.App.D.C. at 168, 448 F.2d at 1091.

▮ There exists here sufficient evidence to support a verdict of guilty. Appellant Raymond knew that he was supposed to appear on a date certain at a specified time and did not do so. He had been told to appear by the court, and although he was

not thereafter reminded of it by the Agency, he was given written notice of the requirement to appear on February 14, 1977. Raymond is not a newcomer to the criminal justice system and cannot now hide behind a shield of naivety and confusion. The trial judge, who was the trier of fact, was persuaded beyond a reasonable doubt by the evidence presented, and we cannot now say that his conclusions were erroneous as a matter of law.

## III

▮ Appellant's final argument is that the trial court erred in denying his motion for a new trial based on newly discovered evidence, to wit that the Agency failed to remind appellant of his required appearance. In order to succeed on a motion for new trial based on newly discovered evidence, the moving party must show

(1) [that] the evidence [was] discovered since the trial; (2) . . . diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on [is] not merely cumulative or impeaching; (4) [that] it [is] material to the issues involved; and (5) [that the evidence is] of such nature that in a new trial it would probably produce an acquittal. [*Heard v. United States*, D.C.App., 245 A.2d 125, 126 (1968).]

A seriatim discussion of these factors is unnecessary as we find that the court below did not abuse its discretion in finding that the introduction of the new evidence would not have resulted in an acquittal. That the trial judge has great discretion is well established in this jurisdiction. *See, e. g., Poteat v. United States*, D.C.App., 363 A.2d 295, 296–97 (1976). The trial judge expressed his belief that the notice provided appellant by the continuance slip was sufficient to notify him of the requirement to appear. In short, the trial judge believed that appellant could not justifiably rely, here to his detriment, on the reminders sent by the Agency. It was not unreasonable, nor an abuse of discretion, for him to so rule.

Moreover, we cannot say that Raymond's trial counsel acted diligently. The newly discovered evidence was a public record and was, in fact, in the control of the defendant. When gathering the evidence for this case, counsel made himself aware of the substance of the continuance slips. He could have made himself familiar with the bail agency reminders as well.[5]

Because we find the Bail Reform Act constitutionally sound and can find no error in the trial court, the judgment is

*Affirmed.*

---

5. Appellant claims that *Delbridge v. United States*, 104 U.S.App.D.C. 399, 262 F.2d 710 (1958), supports his claim that trial counsel was sufficiently diligent under the *Heard* standard. In that case, the court ruled that counsel was diligent even though he failed to search newspaper files to discover a newspaper article that he later offered as newly discovered evidence. That case is distinguishable from the case at bar. The reasoning in *Delbridge* was that combing newspaper files was a burdensome task, and thus it cannot be called lack of diligence to fail to do so. All Raymond's counsel had to do, however, was to visit the Bail Agency and request to see its files on the Raymond case. Not only would this procedure have been easily accomplished, but it also is a procedure which any diligent counsel should have followed.