**Donald S. CRAIG, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 84–842, 84–843.

District of Columbia Court of Appeals.

Submitted Feb. 20, 1986.

Decided April 3, 1987.

G. Godwin Oyewole, Washington, D.C., appointed by this court, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and Wyneva Johnson, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, TERRY and STEADMAN, Associate Judges.

TERRY, Associate Judge:

Appellant was charged with malicious destruction of property, in violation of D.C. Code § 22–403 (1981). While on pre-trial release, appellant failed to appear in court for a scheduled status hearing, and for that failure he was subsequently charged with bail jumping, in violation of D.C. Code § 23–1327 (1981). The two cases were consolidated for trial. During its charge to the jury, the trial court *sua sponte* gave an instruction on the offense of defacing property, as defined in D.C. Code § 22–3112.1 (1986 Supp.), which it deemed to be a lesser included offense within the charge of malicious destruction of property. The jury found appellant guilty of bail jumping and guilty of defacing property. At sentencing the court placed appellant on one year's probation for both offenses. We affirm the conviction of bail jumping; however, we reverse the conviction of the purported lesser included offense of defacing property on the ground that it is not a lesser included offense.

**I**

Metropolitan Police Officer James Richardson was approaching the corner of 7th and H Streets, N.W., when he saw appellant writing on the plexiglass side wall of a passenger shelter at a bus stop. Before Richardson could stop him, appellant wrote the words "Fool's Gold" and two dollar signs on the wall of the shelter, which was the property of the Washington Metropolitan Area Transit Authority. Officer Rich-

---

ardson promptly placed appellant under arrest. Appellant did not deny writing on the shelter; when arrested, he admitted to Officer Richardson, "That's right, I did it."

Because appellant used a black marking pen with permanent ink, the writing could not be washed off; the officer testified that the ink "goes into the plastic itself and it stays there." The plexiglass had to be replaced with a new pane, which cost $82.78.

At his arraignment on the destruction of property charge, appellant was notified of his duty to appear at all subsequently scheduled court proceedings—in particular, a status hearing to be held on November 28, 1983—and was warned of the penalties for failure to appear. Despite this warning, appellant did not show up for the November 28 hearing, and a bench warrant was issued for his arrest. When he was apprehended almost three months later, one of the arresting officers asked him why he had not appeared in court when required. Appellant answered that he was "a victim of the system" and that "the courts weren't right."

During the discussion of jury instructions after all the evidence had been presented, the court announced that it would instruct the jury on defacing property as a lesser included offense within the charge of malicious destruction of property, even though neither party had requested such an instruction. Defense counsel objected, but the court overruled the objection, stating that the two offenses were "practically [the] same thing." Appellant now argues that this instruction was erroneously given because defacing property is not a lesser included offense within malicious destruction of property. We agree and reverse the defacing conviction.[1]

## II

In *Ball v. United States*, 429 A.2d 1353 (D.C.1981), the defendant was convicted of three counts of threats to injure another person[2] and four counts of obstruction of justice.[3] The evidence showed that he had threatened several prosecution witnesses in an aggravated assault case who were scheduled to testify against him the next day. On appeal he argued that the threats convictions merged with the obstruction of justice convictions because threats was a lesser included offense within obstruction of justice. In rejecting the argument, we noted that the maximum penalty for threats (twenty years or a $5,000 fine, or both) was greater than that for obstruction of justice (three years or a $1,000 fine, or both), and held that the offense with the heavier penalty could not be regarded as a lesser offense than the one with the lighter penalty. In so holding, we adopted the reasoning of the Eighth Circuit in *United States v. Cady*, 495 F.2d 742 (8th Cir.1974):

> [A] lesser included offense must be both *lesser* and *included.* These requirements can only be met where the included offense involves fewer of the same constituent elements as the charged greater offense and where the claimed lesser offense has a lighter penalty attached to it than does the charged offense.

*Id.* at 747 (emphasis in original); *accord, James v. United States*, 238 F.2d 681, 683 (9th Cir.1956).[4]

---

1. Appellant also argues that the evidence was insufficient to permit the jury to find him guilty of bail jumping. He concedes, however, that this court has rejected the argument he now makes in at least two prior cases, *Raymond v. United States*, 396 A.2d 975 D.C. 1979), and *Robinson v. United States*, 322 A.2d 271 (D.C. 1974). We reject it again in this case and affirm the bail jumping conviction.

2. D.C. Code § 22-2307 (1981) makes it a crime to threaten "to kidnap any person or to injure the person of another or physically damage the property of any person...."

3. D.C. Code § 22-703(a) (1981) makes it a crime to endeavor "by threats or force" to influence or intimidate any witness, or to "obstruct or impede the due administration of justice...."

4. The court in *James* refused "to hold that the included offense rule is meant to apply where the claimed 'lesser' or included offense prescribes a greater minimum punishment than the so-called 'greater' or including offense." 238 F.2d at 683.

Our holding in *Ball* is dispositive here. The penalty for defacing property is set forth in D.C. Code § 22–3112.4(a) (1986 Supp.): a fine of not less than $250 nor more than $5,000, or incarceration for not more than one year, or both. The prison term for malicious destruction of property (misdemeanor)[5] is the same—not more than one year—but the fine is different: a maximum of $1,000, and no minimum. Because the maximum fine for defacing property is greater than the maximum fine for malicious destruction of property, *Ball* compels us to rule that the former is not a "lesser" offense than the latter.[6]

Thus we hold that the trial court erred in instructing the jury *sua sponte* that it could find appellant guilty of defacing property as a lesser included offense. Since appellant was never charged with defacing property, he could not constitutionally be convicted of that offense. *See, e.g., Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960) ("a court cannot permit a defendant to be tried on charges that are not made in the indictment [or information] against him" (citations omitted)). Appellant's conviction of defacing property (No. 84–843) must therefore be reversed. His conviction of bail jumping (No. 84–842) is affirmed.

*Affirmed in part, reversed in part.*

---

**5.** Malicious destruction of property can be either a felony or a misdemeanor, depending on the value of the property that was destroyed. If the government proves that the value was $200 or more, the offense is a felony; otherwise it is a misdemeanor, and the government need prove only that the property had some value. D.C. Code § 22–403 (1981); *see Nichols v. United States*, 343 A.2d 336, 341 (D.C.1975). In this case appellant was charged with a misdemean-

or, since the value of the plexiglass pane was only $82.78.

**6.** We therefore need not decide the separate issue of whether defacing property is "included" within malicious destruction of property. *See, e.g., Rease v. United States*, 403 A.2d 322, 328 (D.C.1979).